504 F.Supp. 644 (1980)
Frank Kevin POOL, Plaintiff,
v.
Judge NORTHERN, Circuit Court, Phelps County et al., Defendants.
No. 80-605C(5).
United States District Court, E. D. Missouri, E. D.
December 30, 1980.
Kenneth R. Singer, St. Louis, Mo., for plaintiff.
Ronald D. White, Pros. Atty., Phelps County, Kerry Koboldt, City Atty., Rolla, Michael Elbein, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court upon plaintiff's and defendants' pretrial motions.

*645 Motion To Dismiss or for Summary Judgment of Defendants Phelps County, Missouri; Carol Gaddy, and Rolla, Missouri.

Defendants Phelps County, Missouri; Carol Gaddy, and Rolla, Missouri move to dismiss or in the alternative for summary judgment. Defendants Phelps County, Missouri and Rolla, Missouri base the motion on the premise that the doctrine that a municipal government may be liable for the actions of those officials with immunity, even when acting in good faith, (on which plaintiff relies) is inapplicable. Owen v. City of Independence, 445 U.S. 622 at 623, 100 S.Ct. 1398 at 1402, 63 L.Ed.2d 673 (1980). Defendants Phelps County and Rolla, Missouri come within the ambit of being municipalities, but they are not liable for the actions of any of the other defendants, because those defendants are not officials of either Phelps County or Rolla, Missouri. Defendant Judge Northern, a Circuit Judge for Phelps County is an official of the State of Missouri, not the municipality of Phelps County. Likewise, defendant Frank Carlson, a public defender, is an employee of the State of Missouri. Defendant Carol Gaddy, Circuit Clerk of Phelps County, is under the direct control of the Circuit Court which is under the jurisdiction of the State of Missouri. Accordingly, the complaint is dismissed as to defendants Phelps County and Rolla, Missouri.
Although plaintiff has alleged facts pertaining to defendant Carol Gaddy, none of these facts constitutes a deprivation of plaintiff's constitutional rights, which is essential under 42 U.S.C. § 1983. Therefore, the complaint is dismissed as to defendant Carol Gaddy.
The motion to dismiss of defendants Phelps County, Missouri; Carol Gaddy, and Rolla, Missouri, therefore, is granted.

Motions for Security of Costs, to Strike, and for More Definite Statement of Defendants Phelps County, Missouri, Carol Gaddy, and Rolla, Missouri.
Since the complaint has been dismissed as to the above defendants, the aforesaid motions of those defendants are all denied as moot.

Plaintiff's Motion for Temporary Restraining Order.
A temporary restraining order will issue upon a showing of immediate and irreparable injury. Hughes v. Cristofane, 486 F.Supp. 541, 544 (D.Md.1980); Saloman/North America, Inc. v. AMF Incorporated, et al., 484 F.Supp. 846, 848 (D.Mass. 1980); Dow Chemical Co. v. Blum, 469 F.Supp. 892, 901 (E.D.Mich.1979); Florida Medical Association, Inc. v. Department of Health, Education & Welfare, 454 F.Supp. 326, 334 (M.D.Fla.1978), vacated and remanded, 601 F.2d 199 (5th Cir. 1979); Fed. R.Civ.P. 65(b). Plaintiff does not specifically allege the actions and inactions of defendants that are causing him irreparable injury, nor why the injury, if any, is irreparable. There is only a conclusional averment that defendants are causing irreparable injury to plaintiff. For this reason, plaintiff's motion for a temporary restraining order is denied.

Motion of Defendant Phelps County to Quash Interrogatories.
The complaint has been dismissed as to defendant Phelps County, Therefore, the motion to quash interrogatories is denied as moot.

Motions to Dismiss of Defendants Northern and Seay.
After careful reading of the original and amended complaints, it appears that plaintiff is seeking an injunction against Judge Northern in reference to his acts and inactions alleged in Count I and Count II. Similarly, plaintiff prays for equitable relief against Judge Seay in Count III. An Eastern District of Missouri case held that the doctrine of judicial immunity applies to proceedings in which injunctive or other equitable relief is sought as well as to suits for money damages. Smallwood v. United States, 358 F.Supp. 398, 403 (E.D.Mo.1973); aff'd without opinion, 486 F.2d 1407 (8th Cir. 1973). Based on the foregoing, the complaint is dismissed as to defendants Northern and Seay, and their motions to dismiss are granted.

*646 Conclusion

The Court assumes that all actions taken by defendant Frank K. Carlson while representing plaintiff in his capacity as a public defender were taken in good faith. Dodson v. Polk County, 628 F.2d 1104, 1107-8 (8th Cir. 1980), stands for the proposition that public defenders enjoy a qualified immunity for actions taken in good faith while representing indigent clients. Other cases indicate that public defenders should be absolutely immune from liability from suits brought under 42 U.S.C. § 1983 of the Civil Rights Act for acts done in the performance of their quasi-judicial function as a public defender. Robinson v. Bergstrom, 579 F.2d 401, 411 (7th Cir. 1978); Miller v. Barilla, 549 F.2d 648 (9th Cir. 1977). The Court, therefore, dismisses defendant Frank K. Carlson from the complaint via its motion sua sponte.
Since all defendants have been dismissed from the suit, the action is dismissed and there is no longer a need to rule on the petition for writ of habeas corpus ad testificandum or the motion for setting. They are denied as moot.
IT IS SO ORDERED.