Paul SEEMILLER, Appellant,

v.

Donald WYRICK, Warden, and John Ashcroft, Attorney General, Appellees.

No. 80–2181.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 14, 1981.

Decided Nov. 11, 1981.

Rehearing and Rehearing En Banc Denied Dec. 1, 1981.

Rehearing and Rehearing En Banc Denied Dec. 1, 1982.

Jane E. Leonard (argued), Stolar, Heitzmann, Eder, Seigel & Harris, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, Mo., for appellees.

Before HENLEY and ARNOLD, Circuit Judges, and BECKER,* Senior District Judge.

PER CURIAM.

Paul Seemiller, a state prisoner, brought this action in federal district court, seeking habeas corpus relief. The district court found that some of his claims were meritless, and that the rest had not been fully pursued in the state court system, and accordingly denied relief. Seemiller appeals,

* The Honorable William H. Becker, United States Senior District Judge, Western District of Missouri, sitting by designation.

contending that he should not be required to exhaust his state court remedies.[1]

Seemiller was convicted in March, 1976 in the St. Charles County, Missouri Circuit Court of sodomy and of assault with intent to do great bodily harm without malice aforethought. He was given consecutive sentences of ten years on the sodomy count and two years on the assault count. The conviction was affirmed on appeal, *State v. Seemiller*, 558 S.W.2d 212 (Mo.App.1977), and transfer to the Missouri Supreme Court was denied.

In July, 1979 Seemiller filed a Missouri Rule 27.26 petition for post conviction relief in the St. Charles County Circuit Court. As grounds for relief, he stated that he was denied effective assistance of counsel and counsel of his own choosing; that he was denied a fair trial because the court instructed on assault without malice and failed to give MAI–CR instructions No. 2.70 and 2.77; and that he was denied a fair trial due to systematic exclusion of women and blacks from the jury. The petition included a motion to disqualify a judge.

The state court appointed counsel to represent Seemiller. The court denied that counsel's motion to withdraw. Counsel then filed an amended petition and a memorandum in support thereof. Eventually, the court apparently allowed counsel to withdraw, and a second attorney was appointed. On May 12, 1980 the new counsel filed a motion for disqualification of a judge, which was granted the next day. A new judge was assigned to the case on May 29, 1980, but a hearing was not held until March 21, 1981.

Dissatisfied with progress in the state trial court, Seemiller filed a petition for habeas corpus in the Missouri Supreme Court. He alleged he was being denied a prompt hearing for post conviction relief in state court, and that he was entitled to be discharged from custody because he was convicted in violation of his constitutional rights. The Missouri Supreme Court denied the petition on April 8, 1980.

On April 14, 1980 Seemiller filed the instant habeas corpus proceeding. As grounds for relief, he listed the six claims pending in his action in the St. Charles County Court, four claims of error which were rejected in his direct criminal appeal, and the delay in the state post conviction proceedings. The magistrate found that Seemiller had not exhausted his state court remedies as to the six claims pending in state court, that the four exhausted claims were without merit, and that delay in the post conviction proceedings was no reason to set aside the original conviction. He accordingly recommended that the unexhausted claims be dismissed without prejudice, and that all other claims be dismissed with prejudice.

Seemiller then objected that the issue of delay in the state proceedings was not an independent claim but was support for his contention that he should not have to exhaust his state court remedies as to the claims presented in the state trial court proceedings. The district court ordered a copy of the docket sheet of the state court action on September 30, 1980. A copy was produced, and the district court noted that the (second) change of judge motion had been granted. In light of the "inevitable delays attendant upon the reassignment of the 27.26 motion," the court found that the State had not been " 'unnecessarily and intentionally dilatory' " (*quoting Mucie v. Missouri State Department of Corrections*, 543 F.2d 633, 636 (8th Cir. 1976)), and that "it was not unreasonable to require petitioner to exhaust his state remedies as recommended by the Magistrate." Accordingly, the court adopted the Review and Recommendation of the Magistrate.

On appeal counsel was appointed for Seemiller. Issues which have been raised are whether delay in the state court proceedings should excuse the exhaustion requirement, and whether, in any case, exhaustion should not be required as to two of

---

1. Seemiller has not contested the finding of the district court that his exhausted claims were    meritless.

his claims because of the absence of state law in support of the claims. We will consider these contentions in order.

To some extent we perhaps differ with the district court in that we do not think the change of judge motion should have led to much "inevitable delay." At the time of the second change of judge motion, no hearing had been held, and from the docket sheet it appears that the state had not even filed a response. Thus, the only judicial duplication of effort would have been that both judges looked at a file which contained only court orders and motions filed by Seemiller and his counsel. It is true, of course, that the case had to be fit into the schedule of the judge to whom it was reassigned and had to be made ready for disposition.

After the district court entered its decision, the state court held a hearing on Seemiller's claims. Thus, real progress has been made in the state proceedings, and we think that exhaustion may not yet be excused by us. *Cf. Thompson v. White*, 591 F.2d 441, 443 (8th Cir. 1979). As in *Thompson*, although there has been delay in the state court proceedings, this court has no reason to believe that the state court will continue to delay. While we cannot condone the slow progress of Seemiller's Rule 27.26 case, we cannot say that he has no effective remedy available in the state courts at this time.

Appellant contends that it would be futile for him to pursue his incompetence of counsel and lack of choice of counsel claims in state court, because there is no state law to support his claims. His incompetence of counsel claim stems from his trial counsel's failure to call as a witness one Ronald King. The state's evidence at trial showed that Seemiller and King forced the victim into a car, forced her to commit acts of oral sodomy and beat her.[2] In the district court, Seemiller claimed that King would have corroborated his defense that the woman received her injuries in an accident and that no crimes were committed in the car. On appeal Seemiller asserts that Missouri

courts routinely reject claims of ineffectiveness of counsel based upon failure to call witnesses, and thus it would be futile to pursue this claim in state court.

Although there are numerous Missouri cases which reject ineffective assistance claims based on failure to call witnesses, we cannot agree that Seemiller necessarily is foreclosed from obtaining relief in Missouri courts. To the contrary, the Missouri Supreme Court has stated that "[c]ounsel's duty includes use of witnesses named by defendant who may assist in the defense." *Eldridge v. State*, 592 S.W.2d 738, 741 (Mo.1979), *citing Jones v. State*, 491 S.W.2d 233 (Mo.1973). Perhaps Seemiller's trial counsel determined that Ronald King's testimony would not be helpful or for some other reason elected not to call King; if so, Missouri courts should have the opportunity to decide whether counsel's determination was reasonable.

Seemiller's claim that he was denied counsel of his own choosing is related to his claim of ineffective assistance of counsel, and should therefore also be decided by the state courts before the federal courts.

While we understand the petitioner's frustration with the slowness of the state court proceedings, as indicated we cannot say that this case is one in which the exhaustion requirement may be completely excused. However, it has been more than two years since appellant's pending state proceeding was commenced and more than seven months since it was tried. Should he lose in the St. Charles County Circuit Court, appellant will face still further delay in exhausting his state remedy through resort to state appellate procedures. In these circumstances, rather than affirm the order of dismissal for failure to exhaust, we deem it appropriate to vacate the judgment of the district court and remand for further consideration. If within sixty days from and after this court's mandate issues the state court has rendered decision in favor of appellant this case may be dismissed. But if after sixty days the state court has ren-

---

2. King was jointly charged with Seemiller, and they were granted separate trials.

dered no decision, the district court should proceed to trial herein. Should the state court render a decision unfavorable to appellant, then the district court should consider anew the question whether state appeal should be excused. *See Mucie v. Missouri State Department of Corrections, supra.*

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

We are grateful to appellant's counsel for her efforts in this case.