Ernest Lee Wade, pro se.

Steve Clark, Atty. Gen., and Dennis Molock, Little Rock, Ark., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

HENLEY, Circuit Judge.

This state habeas action first came before us on an application for certificate of probable cause under 28 U.S.C. § 2253 which was granted by order of a single judge of this court.

Upon examination of the file and records forwarded from the district court, it appearing that the exhaustion question presented does not require further consideration and no events of decisional significance having been shown to have transpired since final decision by the district court, we proceed to summary disposition.

In September, 1978 appellant Wade, a prisoner of the State of Arkansas, was convicted of escape and by an Arkansas state court of competent jurisdiction was fined and sentenced to serve a term of ten years in prison. State appeal in forma pauperis was denied.

In February, 1979 Wade filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas raising essentially the same questions he sought to raise by his latest petition. Those are: (1) denial of his right to appeal; (2) ineffective assistance of counsel; (3) sufficiency of the evidence; and (4) conviction contrary to state law. In

**Ernest Lee WADE, Appellant,**

v.

**A. L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 82–1369.

United States Court of Appeals, Eighth Circuit.

Submitted March 23, 1982.

Decided March 31, 1982.

May, 1979 that petition was denied for failure to exhaust state remedies and petitioner's application for certificate of probable cause was denied by this court July 5, 1979 for failure to exhaust state remedies. See Misc. Case No. 79–8125.

Thereafter, and on July 20, 1979, Wade filed in the Circuit Court of Lincoln County, Arkansas his petition seeking post-conviction relief, again raising the issues hereinabove mentioned. The case here presented on appeal was initiated in the district court July 21, 1981. As of February 5, 1982 the district court found that there had been no ruling on Wade's state petition.

Wade argued in the district court, and argues here, that his effort to exhaust state remedies is futile and that the federal courts should assume jurisdiction. Notwithstanding the passage of more than two years time in which the state petition was pending without judicial action, the district court again dismissed Wade's habeas petition for failure to exhaust state remedies. In doing so, that court recognized the delay but rested upon the representation that ruling in the state court awaited filing of a brief by counsel for Wade and that such brief would be filed within thirty days and counsel would expeditiously pursue the case through the remainder of the state process if necessary. The district court then· observed that once the state courts had rendered a final decision Wade could refile his habeas petition if necessary, and on February 5, 1982 proceeded to dismiss the petition.

While we understand the petitioner's frustration with the slowness of the state court proceedings, we agree with the district court that this case is one in which the exhaustion requirement may not be completely excused. However, it has been much more than two years since the Lincoln County post-conviction proceeding was commenced. The reason for delay relied upon in February, 1982 is essentially the same as that given in August, 1981 when the court was assured that Wade's appointed counsel had requested thirty days within which to bring the state proceeding to a point of finality.

In light of the slow and tortuous pace this litigation has taken, we are unwilling once again to see the petition dismissed. *Cf. Seemiller v. Wyrick*, 663 F.2d 805 (8th Cir. 1981). In the circumstances, rather than affirm the order of dismissal for failure to exhaust, we deem it appropriate to vacate the judgment of the district court and remand for further consideration. If within sixty days from and after this court's mandate the state court has rendered a decision in favor of appellant, this case may be dismissed. But if after sixty days the state court has rendered no decision, the district court should proceed to consideration of the case on its merits. Should the state court render a decision unfavorable to appellant, then the district court should consider anew the question whether state appeal should be excused.

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion. Let mandate issue forthwith.