Frank Kevin **POOL**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 12346.

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 1982.

Jay White, Rolla, for movant-appellant.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Chief Judge.

The indigent appellant's[1] pro se 27.26 motion filed in this cause consists of 122 pages. These 122 pages include six pages of the prescribed printed form and 116 additional typewritten legal size sheets containing statements of grounds, supporting facts, an ex parte deposition, exhibits and memorandum of law.

It would serve no purpose to attempt to summarize or even characterize the 122 page diatribe of the appellant. Suffice it to say that it has no place being filed as a pleading in a court.[2] Nevertheless, upon patient and careful reading the motion does express grounds, if true, for relief under Rule 27.26.

The state moved to dismiss the petition upon the following basis. Rule 27.26(c) requires that a motion under that rule be "submitted on a form substantially in compliance with the form appended hereto". The appended form in paragraph 8 thereof instructs the movant to state *concisely* the grounds for his motion. In paragraph 9 it further instructs the movant to state *concisely* the facts which support those grounds. (Emphasis added). The state then concluded that the appellant's 122 page motion did not substantially comply with the *concise* requirement and should be dismissed. The trial court sustained that

---

1. According to his motion the appellant pleaded guilty to a charge of first degree murder and was sentenced to life imprisonment.

2. No doubt under U.S.C.S. Rules of Criminal Procedure § 2254 Rule 2(e) the appellant's motion would not have been filed but returned to him with a statement of the reason therefor.

motion to dismiss. That dismissal must be reversed.

When the appellant's pro se motion was filed, counsel (not counsel on appeal) was appointed for him. When the state's motion to dismiss was taken up, the trial court made a record by calling appellant's counsel as the court's witness. The appellant was not present in person. Apparently the court in part based the dismissal upon that record. This record reveals that counsel did diligently perform his duty in studying the motion, conferring with the appellant and preparing for a trial upon the merits of the motion. The record further indicates counsel suggested to the appellant the motion should have been amended. However, thereafter counsel stated:

> I can say this, Your Honor, I believe the facts are these: When I went to see him and went through all of it I said, 'Well—' I advised him that there were many grounds, some of them might overlap and so forth but as far as we were concerned we told him that he could stand on his motion as it was and I actually prepared for him a waiver, after I had discussed it with him, a waiver where he signed and agreed to stand on the motion that I had recommended he do so.

A signed waiver in the legal file, apparently the one referred to by counsel, states that appellant "waives the filing of an Amended Motion, and does elect to proceed herein under his original pro se motion".

■ Nothing in this opinion should be construed as indicating that a movant under Rule 27.26 is entitled to a trial upon a motion that does not comply with that rule. However, the course to be followed in compelling compliance with the rule has been outlined by the decisions of the Supreme Court. When an indigent prisoner files a pro se motion, counsel is to be immediately appointed. Rule 27.26(h). The duties of such counsel are outlined by that rule. If the motion as filed does not comply with the rules, those duties include the duty to file an amended motion "to state factually in *lawyerlike fashion* the basis for all claims for relief under rule 27.26 which movant

claims to have". (Emphasis added). *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). This does not mean to amend a long, rambling, conclusory, accusatory, prolix motion by adding to it additional allegations stated in lawyerlike fashion. It means to file an amended motion in the place of the pro se motion which amended motion shall state factually in lawyerlike fashion the basis for all claims for relief under Rule 27.26 which movant claims to have. The amended motion may then properly serve the function of a pleading in the trial of the issues under Rule 27.26. No other practice should be tolerated.

■ It is, of course, recognized that some movants through their own mistaken ideas or through guidance from fellow prisoners may not permit their counsel to so amend their pro se motions. If that be the case, the procedure outlined by the distinguished Judge Paul Barrett in speaking for the Supreme Court should be followed:

> While the appellant has employed the form set forth in the rule, in defiance of the rule's spirit and purpose he has set forth a multitude of irrelevant matters and allegations which his counsel should have eliminated by amendment and the defendant not agreeing the court may have been well advised to either dismiss or refuse to hear the matter until there was compliance with the rule. *Dickson v. State*, 449 S.W.2d 576, 577 (Mo.1970).

Dismissal seems to be the more appropriate remedy in such circumstances.

■ However, it should appear (1) that the movant was informed of the proposed amendment necessary to meet the requirements of the rule; (2) that he was informed of the consequence of dismissal in the absence of such amendment; and (3) that without just cause in defiance of the rule he refused to permit the amendment. Such a dismissal should produce the same result as an adverse final judgment upon the pro se motion. Rule 67.03; *Newman v. State*, 481 S.W.2d 3 (Mo.1972). To insure the above prerequisites have been met, it would be well for counsel to prepare the proposed amended motion and give the movant an

opportunity to signify in writing his acceptance or refusal thereof and his reason for that refusal. Such procedure can be made a part of the record.

■ It seems that the court and counsel in this case may have in fact followed the procedure required as a precedent to dismissal. However, perhaps from inadvertence in the use of words, the record makes it appear as if counsel recommended that the movant stand on his pro se motion. It does not appear movant was advised of the possible consequence of dismissal. For these reasons the judgment of dismissal is reversed and the cause is remanded for further proceedings in compliance with this opinion and Rule 27.26.

BILLINGS, P. J., and HOGAN and PREWITT, JJ., concur.