**Frank Kevin POOL, Plaintiff,**

v.

**Jay WHITE, et al., Defendants.**

**No. 82–1027C(2).**

United States District Court,
E. D. Missouri, E. D.

Aug. 30, 1982.

Frank Kevin Pool, pro se.

John M. Morris, III, Asst. Atty. Gen., Jefferson City, Mo., Jay White, Rolla, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this Court on the motions of defendants Missouri Court of Appeals, Southern District, and Jay White to dismiss the plaintiff's complaint for failure to state a cause of action upon which relief may be granted. Defendants make three arguments in support of their motions: defendants are not persons within the meaning of 42 U.S.C. § 1983; defendants are immune from suit; the complaint fails to allege a constitutional violation; and finally there is no "case or controversy" as required by Article III, § 2 of the United States Constitution.

Plaintiff's cause of action arises out of his appeal of his post-conviction motion to the Missouri Court of Appeals. The plaintiff seems to be alleging that his constitutional right to meaningful access to the courts is being jeopardized because his appointed attorney on appeal from dismissal of his post-conviction motion under Missouri Supreme Court Rule 27.26 filed an insufficient brief and because the Missouri Court of Appeals denied his motion to file a pro se brief. The plaintiff further contends that his attorney and the prosecutor were acting in collusion. Plaintiff is seeking damages and injunctive relief for the alleged violation of his constitutional rights.

■ This Court recognizes that a pro se complaint must be judged by less stringent standards than those normally employed when construing a complaint. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, plaintiff's complaint will be construed as an action

brought pursuant to 42 U.S.C. §§ 1983 and 1985. Furthermore, this Court will confine itself to an examination of the issues raised by the pleadings. Therefore, defendants' motions will be construed as motions to dismiss brought pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

■ 42 U.S.C. § 1983 imposes liability upon any "person" who, under color of state law, deprives another of any right secured by the federal constitution or laws. Therefore, in order to state a cause of action pursuant to § 1983 the defendant must be a "person" within the meaning of the statute and must be acting under the color of state law. It has repeatedly been held that the acts of court appointed counsel in furtherance of his duties are not performed under the color of state law. *Barnes v. Dorsey,* 480 F.2d 1057 (8th Cir. 1973); *Griffin v. Nangle,* 413 F.Supp. 913 (E.D.Mo.1974). In addition, it has been concluded that courts of a state are not "persons" subject to suit under 42 U.S.C. § 1983. *O'Connor v. State of Nevada,* 507 F.Supp. 546, 550 (D.Nevada 1981). Therefore, plaintiff's complaint fails to state a cause of action pursuant to § 1983.

■ The remaining issue posed by the defendants' motions is whether plaintiff's complaint states a cause of action upon which relief may be granted pursuant to 42 U.S.C. § 1985. Section 1985 imposes liability upon persons who conspire to deprive a party "or class of persons of the equal protection of the law, or of equal privileges and immunities under the law ..." 42 U.S.C. § 1985(3) does not create any substantive rights; it merely provides a remedy for the deprivation of the federally protected rights designated by the statute. *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Wright v. Methodist Youth Service, Inc.,* 511 F.Supp. 307 (N.D.Ill.1981). However, it is not necessary to allege that defendants acted under color of state law to state a cause of action pursuant to 42 U.S.C. § 1985(3). *Wright v. Methodist Youth Service, Inc.,* supra; *Barnes v. Dorsey,* 480 F.2d 1057 (8th Cir. 1973). Although this Court doubts that the plaintiff has alleged sufficient facts showing that defendants conspired with the intended purpose of depriving him of his constitutional rights, *Barnes v. Dorsey,* supra, this Court will assume for purposes of these motions that this issue has been satisfactorily pled. However, the plaintiff's complaint fails to state a cause of action under 42 U.S.C. § 1985(3) because he fails to allege a violation of any federally protected right. The Eighth Circuit has recently held that there is no federal constitutional requirement that a state provide a means of post-conviction review of state convictions. *Williams v. State of Missouri,* 640 F.2d 140, 143 (8th Cir. 1981). Therefore, it must be concluded that plaintiff's complaint fails to state a claim upon which relief may be granted. In light of this conclusion it is unnecessary to determine whether the complaint poses a case or controversy, or to reach the question of immunity.

Accordingly, the motions of the defendants to dismiss plaintiff's complaint will be granted.