**Frank Kevin POOL, Appellant,**

v.

**Jay WHITE, Attorney at Law; Missouri Court of Appeals for the Southern District of Missouri, Appellees.**

**No. 82–2135.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 23, 1982.

Decided Dec. 2, 1982.

---

Frank Kevin Pool, pro se.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Appellant Frank Kevin Pool instituted this suit in the United States District Court for the Eastern District of Missouri[1], 547 F.Supp. 95, pursuant to 42 U.S.C. §§ 1983, 1985(3) seeking damages and injunctive relief. The appellant alleged that the Missouri Court of Appeals for the Southern District of Missouri and his court-appointed attorney conspired to prevent him from raising meritorious issues in his appeal to the Missouri Court of Appeals from a Missouri circuit court's denial of his post-conviction motion for relief.[2] The district court dismissed the action for failure to state a claim, ruling that the Missouri Court of Appeals was not a suable "person" within the meaning of § 1983; that acts of court-appointed counsel in furtherance of his duties were not performed under color of state law; and that an action for conspiracy under § 1985(3) would not lie because the appellant had not alleged any violation of a federally protected right.

The appellant appeals pro se from the district court's dismissal of his suit, maintaining that in the light of this court's decision in *White v. Walsh,* 649 F.2d 560 (8th Cir.1981), the trial court erred in holding that he failed to state a claim under section 1983. The appellant further contends that the district court erred in not construing part of his claim as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. We do not reach these questions because this action is premature.

In *Pool v. State,* 634 S.W.2d 564 (Mo.App. 1982), the Missouri Court of Appeals re-

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. The appellant filed a pro se post-conviction motion under Rule 27.26 of the Missouri Rules of Criminal Procedure in the Circuit Court of Phelps County, Missouri, seeking to set aside his murder conviction. His motion consisted of 122 typewritten pages to which his court-appointed attorney appended an eight-page synopsis. The circuit court dismissed the motion because it was too long, in violation of the Rule's conciseness requirement.

The Missouri Court of Appeals reversed the circuit court's judgment and remanded for fur-

ther proceedings, ordering the appellant's attorney to amend appellant's motion to comply with the Rule. *See Pool v. State,* 634 S.W.2d 564 (Mo.App.1982). The court of appeals noted that the appellant's allegations as set forth in his pro se motion, if true, would entitle him to relief. *Id.* at 565. The court provided that if the appellant was not satisfied with the amended motion because he believed it omitted meritorious claims, the appellant could file his objections to the amended motion in writing with the circuit court and stand on his original pro se motion. *Id.* The action is currently pending before the circuit court.

manded appellant's Rule 27.26 motion to the circuit court, where it is now pending. The appellant cannot reasonably claim that he has been injured by a conspiracy to prevent him from raising certain issues on appeal before the trial court has even had an opportunity to rule on the merits of his motion. Until the post-conviction motion is finally adjudicated adversely to the appellant, this action is not ripe for decision. *See Pool v. Pasley,* No. 81–2004 (8th Cir. Jan. 15, 1982); *Pool v. Ahrens,* 664 F.2d 292 (8th Cir.1981). Therefore, we vacate the judgment of the district court and dismiss without prejudice.