**Frank Kevin POOL, Plaintiff,**

v.

**Judge BRACKMAN, et al., Defendants.**

**No. 82–1160C(4).**

United States District Court, E.D. Missouri, E.D.

Dec. 20, 1982.

---

1. Defendants' preemption argument (which was not adequately briefed in any event) will be left for another day.

Frank Kevin Pool, pro se.

Jay White, Ronald D. White, Pros. Atty., Rolla, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on the motions of defendants Jay White and Ronald White to dismiss the complaint.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated because his state post-conviction proceeding has been pending for over two years. Defendants are the state judge to whom plaintiff's post-conviction proceeding is assigned, the state prosecuting attorney, and plaintiff's appointed counsel for the post-conviction proceeding.

Defendant Jay White moves to dismiss the complaint because he no longer represents plaintiff in the post-conviction proceeding.

Defendant Ronald White, prosecuting attorney of Phelps County, Missouri, moves to dismiss the complaint asserting, among other things, that most of the delay in the plaintiff's post-conviction proceeding is due to plaintiff's filing of numerous lawsuits against the judges and attorneys assigned to the case, which require the judges and lawyers to withdraw. Ronald White also asserts that no action can be taken by the trial court in the post-conviction proceeding until plaintiff's newly appointed counsel amends his post-conviction motion as required by the mandate of the state appellate court.

The petition will be dismissed, without prejudice. Although the Court recognizes that a failure to act on a post-conviction motion might, over a substantial period of time, implicate the protections of 42 U.S.C. § 1983, cf. Seemiller v. Circuit Court Clerk of St. Charles County, 640 F.2d 175 (8th Cir.1981), in the opinion of this Court, a bare allegation that a proceeding has been pending in the state court for over two years is insufficient. Surely if the proceeding has been pending for over two years not because of neglect or intentional disregard, but because of complicated questions, or appeals, or numerous pretrial motions, there is no deprivation of constitutional rights. Under the circumstances of this case, where the state post-conviction proceeding has included an appeal and a remand, and where plaintiff does not controvert the assertion that much of the delay is due to plaintiff's own litigious nature, of which this Court is not unaware,[1] the Court finds the complaint subject to dismissal, without prejudice. All other pending pretrial motions will be denied as moot.

1. See Pool v. Moore, No. 79–0903C; Pool v. Pasley, No. 79–1020C; Pool v. Northern, 504 F.Supp. 644; Pool v. Ahrens, No. 80–1409C; Pool v. Corrigan, No. 80–1489C; Pool v. Pasley, No. 81–0171C; Pool v. Pasley, No. 81–0699C; Pool v. Wyrick, No. 81–0700C; Pool v. Wyrick, No. 81–1556C; Pool v. White, No. 82–1027C; Pool v. Wyrick, No. 82–1702C.