Frank Kevin POOL, Appellant,

v.

Donald WYRICK, Warden, Appellee.

Frank Kevin POOL, Appellant,

v.

Honorable Judge BRACKMAN, Special Judge for Phelps County, Rolla, Missouri; Ron White, Prosecutor; and Jay White, Attorney at Law, Appellees.

Nos. 83–1283, 83–1047.

United States Court of Appeals, Eighth Circuit.

April 6, 1983.

Before HEANEY, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

On February 14, 1979, a Missouri state court sentenced Frank Kevin Pool to life imprisonment after he pled guilty to a charge of first-degree murder. Pool subsequently has pursued post-conviction relief in both the state and federal courts. In these consolidated actions, he appeals from the district court's[1] denial of his petition for a writ of habeas corpus and its dismissal of his civil rights action pursuant to 42 U.S.C. § 1983.

## I

## BACKGROUND

Petitioner-appellant Pool (hereafter appellant or Pool) is no stranger to the federal or state courts. In this section, we briefly review his principal efforts to obtain relief from his murder conviction.

In March, 1980, Pool filed a Rule 27.26 motion for post-conviction relief in the Missouri circuit court for Phelps County.

On May 7, 1980, Pool filed in federal district court a section 1983 action alleging that a conspiracy existed among various officials of Phelps County, Missouri—including the judges of the circuit court, the clerk of court, and the public defender—to delay the consideration of his Rule 27.26 motion. On December 30, 1980, the district court dismissed this complaint. *Pool v. Northern,* 504 F.Supp. 644, 646 (E.D.Mo. 1980). Pool appealed to this Court, and then on April 7, 1981, filed an amendment to his Rule 27.26 motion. Two months later, on June 2, this Court affirmed the dismissal of the appellant's section 1983 lawsuit, noting that the appellant had instituted the action only a short time after he had filed his Rule 27.26 motion. *Pool v. Northern,* 657 F.2d 274 (8th Cir.1981).[2]

Shortly thereafter, the state circuit court dismissed Pool's Rule 27.26 motion because it failed to satisfy the conciseness requirement. In response, Pool filed an appeal to the Missouri Court of Appeals, a petition for a writ of habeas corpus in federal district court and a section 1983 action in another federal district court.

While the state appeal was pending on August 5, 1981, the district court dismissed Pool's habeas petition on the ground that he had failed to exhaust his state law remedies. In October, 1981, this Court denied Pool's application for a certificate of probable cause. *Pool v. Wyrick,* Misc. No. 81–8094 (8th Cir. Oct. 28, 1981).

At approximately the same time, the district court considering Pool's section 1983 claim, which alleged a conspiracy to dismiss his Rule 27.26 motion among various Phelps

---

1. The Honorable William Hungate, United States District Court for the Eastern District of Missouri.

2. The next month, this Court affirmed the dismissal of another section 1983 action commenced by Pool. *Pool v. Ahrens,* 664 F.2d 292 (8th Cir.1981). This action alleged that a conspiracy existed among United States District Judge Edward Filippine, the Phelps County prosecutor and the appellant's court-appointed counsel.

County officials and his court-appointed attorney, dismissed that action on the ground that it was premature. This Court affirmed on appeal. *Pool v. Pasley,* No. 81–2004 (8th Cir. Jan. 15, 1982).

On May 24, 1982, the Missouri Court of Appeals reversed the state circuit court's judgment dismissing the appellant's motion for post-conviction relief. *Pool v. Missouri,* 634 S.W.2d 564, 566 (Mo.Ct.App.1982). It remanded the matter to the circuit court with directions to permit Pool's attorney to amend his Rule 27.26 motion to comply with the conciseness requirement. *Id.* at 566–567.

One month later, on June 29, Pool filed in federal court another section 1983 action, alleging that the judges of the Missouri Court of Appeals, the Phelps County prosecutor and his court-appointed attorney had conspired to prevent him from raising meritorious issues in his appeal from the Missouri circuit court. On August 20, 1982, the district court dismissed the action for failure to state a claim. *Pool v. White,* 547 F.Supp. 95, 97 (E.D.Mo.1982).

On appeal, this Court vacated the district court's judgment that Pool had failed to allege a cognizable cause of action. *Pool v. White,* 694 F.2d 161, 163 (8th Cir.1982). Nonetheless, we ordered his claim dismissed without prejudice because until his post-conviction motion had been finally adjudicated, his section 1983 action was premature. *Id.*

With this background, we turn to the two appeals now pending in this Court.

## II

### THE PRESENT APPEALS

#### A. No. 83–1283

On July 20, 1982, Pool filed in federal district court a motion to vacate its judgment dismissing the habeas petition he filed after the state circuit court dismissed his Rule 27.26 motion. Pool contended that he

should be allowed to proceed in federal district court because of the inordinate delay in the state court proceedings on his Rule 27.26 motion. The district court rejected this claim, holding that "[Pool's] motion under [Fed.R.Civ.P.] 60(b) is simply another attempt to relitigate his claim for habeas corpus relief, inappropriate under Rule 60(b) and will be denied." Pool now appeals this decision.[3]

Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for * * * (6) any * * * reason justifying relief from the operation of the judgment.

■ This rule does not alter the statutory requirement of exhaustion of state remedies, *Pitchess v. Davis,* 421 U.S. 482, 489–490, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975), but Pool argues in his Rule 60(b) motion that the exhaustion requirement should be waived here because of the state court's delay in deciding his Rule 27.26 motion. The appellant made this same argument to the district court in his original habeas petition, which it rejected, but now an additional year has gone by since he filed his initial petition. Moreover, nearly three years have elapsed since Pool filed his original Rule 27.26 motion. Almost twenty months now have gone by since the state circuit court dismissed his Rule 27.26 motion for lack of conciseness. Another ten months have elapsed since the Missouri Court of Appeals reversed this dismissal and remanded Pool's Rule 27.26 motion to the circuit court, where it is apparently still pending.

■ Under these circumstances in order to avoid even further delay, it is appropriate to vacate the district court's judgment denying the appellant's Rule 60(b) motion and remand for further consideration. *See Wade v. Lockhart,* 674 F.2d 721, 722 (8th Cir.1982); *Seemiller v. Wyrick,* 663 F.2d 805, 807–808 (8th Cir.1981). If within nine-

---

**3.** In accordance with Rule 22(b) of the Federal Rules of Appellate Procedure, we consider Pool's notice of appeal to be an application for a certificate of probable cause, and grant that application. The Clerk of Court is instructed to regularly docket this appeal.

ty days from the date of this Court's opinion the state court has not rendered a decision on the appellant's Rule 27.26 motion, the district court should vacate its dismissal of Pool's habeas petition and consider the case on its merits. Should the state court render a decision adverse to the appellant on his Rule 27.26 motion within the ninety-day period, the district court should reconsider whether Pool must still exhaust his state remedies. *See id.*

Accordingly, the decision of the district court denying the appellant's Rule 60(b) motion is vacated and this matter is remanded for further proceedings consistent with this opinion.

B. No. 83–1047

 On July 21, 1982, Pool filed a section 1983 action, alleging that his court-appointed attorney, Phelps County Circuit Judge Brackman, and the county prosecutor conspired to delay the consideration of his Rule 27.26 motion. The court below properly recognized that a failure to act on a Rule 27.26 motion for a substantial period of time may give rise to a cognizable claim under 42 U.S.C. § 1983. *E.g., Wade v. Lockhart, supra,* 674 F.2d at 722; *Seemiller v. Wyrick, supra,* 663 F.2d at 807–808. Nonetheless, it dismissed without prejudice Pool's civil rights action on the ground that his allegations were insufficient to state a cause of action. Pool also appeals from this dismissal.

In dismissing the other section 1983 actions that Pool has commenced against various defendants, this Court repeatedly has emphasized that his constitutional claims arising from the state court's delay in deciding his Rule 27.26 motion would not be ripe for adjudication until his post-conviction motion was resolved. *E.g., Pool v. White, supra,* 694 F.2d at 163; *Pool v. Pasley, supra,* No. 81–2004, slip op. at 2; *Pool v. Northern, supra,* 657 F.2d 274, slip op. at 2. Under our remand in the consolidated appeal here, if the state circuit court does not act upon Pool's Rule 27.26 motion within ninety days from the issuance of this opinion, the federal district court will consider the merits of his habeas petition.

Thus, because the merits of the appellant's claim for post-conviction relief will be considered at the latest by the end of that ninety-day period, Pool's section 1983 claim concerning the delay in the resolution of his Rule 27.26 motion will then be ripe for adjudication.

Accordingly, we vacate the district court's judgment dismissing Pool's civil rights claim. We remand this case to the district court and direct it to retain jurisdiction over the matter to permit Pool to proceed with his section 1983 action when the state circuit court has decided his Rule 27.26 motion or, alternatively, when the ninety-day period has ended.