711 F.2d 108
 Paul McMILLAN, Michael David Manis and Kenneth Norman Smith,
Appellants,
v.
CHIEF JUDGE, CIRCUIT COURT OF GREENE COUNTY, and Greene
County Circuit Court Administrator, Appellees.
 No. 82-2243.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 10, 1983.
Decided July 7, 1983.
Rehearing and Rehearing En Banc
Denied July 26, 1983.
 
 Paul McMillan, pro se.
 Michael David Manis, pro se.
 Kenneth Norman Smith, pro se.
 Theodore L. Johnson, III, John W. Housley, Springfield, Mo., for appellees.
 Before HEANEY, ROSS and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul McMillan, Michael David Manis, and Kenneth Norman Smith are presently incarcerated in the Missouri State Penitentiary. On May 5, 1982, they filed a pro se action pursuant to 42 U.S.C. § 1983 alleging the judges and court administrator of the Circuit Court of Greene County, Missouri, conspired to delay and impede their post-conviction relief proceedings instituted under Mo.R.Crim.P. 27.26. The district court[1] dismissed the complaint on August 18, 1982. For the reasons discussed below, we affirm the dismissal of Smith's and Manis's claims, but vacate that portion of the district court's judgment dismissing McMillan's suit and remand for further proceedings.
 
 
 2
 We need not consider the merits of Manis's and Smith's action because their claims are moot. Plaintiffs' complaint, in essence, requests the district court to issue an injunction against further delay of their 27.26 proceedings in the Circuit Court of Greene County.[2] The plaintiffs admit in their brief on appeal, however, that Manis and Smith have received evidentiary hearings and rulings on their 27.26 motions since filing their complaint. The state circuit court denied Manis's 27.26 motion on August 5, 1982. Smith's motion was denied on August 23, 1982. Because Manis and Smith have already received the relief they request, we dismiss their appeal as moot.
 
 
 3
 Paul McMillan's 27.26 motion is still pending in state circuit court. A jury convicted McMillan of two counts of armed robbery and the court sentenced him to twenty years imprisonment on each count, the terms to run consecutively. On January 22, 1980, the Missouri Court of Appeals upheld the conviction and sentence. State v. McMillan, 593 S.W.2d 629 (Mo.App.1980). McMillan filed a 27.26 motion on January 25, 1980. In the more than three years that have elapsed since McMillan's original filing, the state circuit court has not held an evidentiary hearing or made a dispositive ruling on McMillan's motion.
 
 
 4
 The state circuit court docket sheet discloses the following history of McMillan's motion. McMillan's original filing also contained motions for appointment of counsel, an evidentiary hearing, and disqualification of the judge. The court immediately granted the motion for disqualification. The court appointed counsel in February, 1980. One year later, in February, 1981, the parties filed briefs on the state's motion to dismiss without an evidentiary hearing. Appointed counsel then moved to withdraw. The court allowed the appointed counsel to withdraw and approved a request for payment of attorneys' fees. In June, 1981, McMillan filed a pro se petition for writ of habeas corpus ad testificandum pursuant to Rule 25.16 or 28 U.S.C. § 2241(c)(1), (5). The court appointed new counsel on August 13, 1981. McMillan's motion then apparently lay dormant until February 9, 1983, when he applied to retain the case on the docket and his application was sustained.[3]
 
 
 5
 In these circumstances, the district court should not have dismissed McMillan's section 1983 action. A state court's failure to act on a petitioner's motion for post-conviction relief for a substantial period of time may give rise to a cognizable claim for injunctive[4] relief under section 1983. Pool v. Wyrick, 703 F.2d 1064, 1067 (8th Cir.1983) (per curiam); Seemiller v. Circuit Court Clerk of St. Charles County, 640 F.2d 175, 176 (8th Cir.1981) (per curiam). See also Wade v. Lockhart, 674 F.2d 721, 722 (8th Cir.1982) (vacating district court's dismissal of federal habeas petition for failure to exhaust where petition was pending in state court for well over two years). A three-year delay is substantial and may amount to a deprivation of constitutional rights. See Pool v. Wyrick, supra, 703 F.2d at 1067; Seemiller v. Circuit Court of St. Charles County, 88 F.R.D. 46, 47 (E.D.Mo.1980), aff'd, 640 F.2d 175 (8th Cir.1981). Because the Circuit Court of Greene County has taken no substantial steps towards resolving McMillan's motion in over three years, remand is appropriate.[5]
 
 
 6
 Accordingly, we vacate the district court's judgment dismissing McMillan's civil rights claim. We remand this case to the district court and direct it to hold this action in abeyance for ninety days from the date of this court's opinion. If within ninety days the state court has not rendered a decision on McMillan's 27.26 motion, McMillan should be permitted to proceed with his section 1983 action. See Pool v. Wyrick, supra, 703 F.2d at 1067.
 
 
 
 [1]
 The Honorable Russell G. Clark, Chief Judge for the United States District Court for the Western District of Missouri
 
 
 [2]
 The plaintiffs also requested court costs and attorneys' fees. Because the plaintiffs brought this action pro se and in forma pauperis, however, they did not incur any such costs or fees
 
 
 [3]
 The state court may have taken recent action of which we are not aware. When the state court enters a dispositive order in this case, McMillan's claims will also become moot
 
 
 [4]
 The plaintiffs' insubstantiated claim for attorneys' fees and costs does not convert this action into a suit for damages. See Sprague v. Ticonic Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1938)
 
 
 [5]
 On appeal, the appellees assert that the district court's dismissal should be affirmed on the alternative grounds that judicial immunity is a complete defense to McMillan's action. This Court has declined to decide whether judicial immunity bars declaratory or injunctive relief. See, e.g., Birch v. Mazander, 678 F.2d 754, 756 & n. 7 (8th Cir.1982). The district court did not decide the issue of judicial immunity as to any of the appellees, therefore we decline to decide that issue on this appeal