Kenneth Norman **SMITH**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 13260.

Missouri Court of Appeals, Southern District, Division Two.

July 13, 1984.

Peter N. Sterling, Public Defender, Rolla, and Kenneth Norman Smith, pro se, for movant-appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Presiding Judge.

On May 15, 1980, the movant entered a plea of guilty to a charge of escape from custody in violation of § 575.200, a class D felony. In accordance with a plea bargain he was sentenced to imprisonment for three years. That sentence was made consecutive with sentences imposed in two other cases. In this action the movant attacks that plea of guilty and three-year sentence by his motion under Rule 27.26.

In his initial pro se motion the movant presented three grounds of invalidity. Thereafter, he added a ground in an amendment prepared by counsel and a ground in a pro se amendment. Subsequently, he filed a pro se instrument entitled "Consolidated Amended Motions Under 27.26." This instrument pertained to this case and three other pending motions under Rule 27.26. It was accompanied by

a memorandum of law and an interrogatory deposition of himself. These documents added no additional grounds. Still later he filed a paper seeking discharge because of the loss of "numerous legal files and papers in this case" occasioned by the administration of the penitentiary.

The state filed a motion to dismiss movant's motion without an evidentiary hearing. Suggestions were filed in support of and in opposition to the motion of the state. Counsel were heard. The trial court then made extensive findings and conclusions and denied the motion without an evidentiary hearing. The movant presents five points on appeal.

■ By his first point movant alleges ·error because his appointed counsel (not his counsel on appeal) failed to file an amended motion stating movant's claims in a clear, lawyerlike fashion. He relies upon cases emphasizing that obligation such as *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) and *Pool v. State*, 634 S.W.2d 564 (Mo.App. 1982).

In this case movant's initial pro se motion, his first pro se amendment and amendment by counsel were concisely worded. The consolidated amended motion, the memorandum of law and the interrogatory deposition were of the type condemned in *Pool.* They have no place as viable pleadings in a judicial proceeding. *Parcel v. State*, 637 S.W.2d 440 (Mo.App. 1982). A remedy is suggested in *Pool.*

However, no case has been cited or found which holds a movant may assert prejudicial error because a lawyerlike amendment was not filed. *Pool* reversed a dismissal of a pro se motion 122 pages in length which nonetheless in an obfuscatory manner alleged facts which could be a ground for relief. There is no prejudicial error when the trial court carefully sieves such offending documents and considers the factual allegations gleaned therefrom. That is what the trial court did in this case. There is no merit in the first point.

Before considering the remainder of the allegations of error, it is well to note the criterion by which movant's right to an evidentiary hearing is to be measured. "To be entitled to an evidentiary hearing on the voluntariness of a guilty plea, defendant must plead facts which if true entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Thomas v. State*, 605 S.W.2d 792, 794 (Mo. banc 1980).

■ The movant asserts error because he pleaded facts sufficient to establish his plea was involuntary due to drug intoxication. Under the criterion above observed, it has been held that an evidentiary hearing may be properly denied when the plea record shows that upon extensive questioning by the court the then defendant denied he was under the influence of drugs. *Kearns v. State*, 583 S.W.2d 748 (Mo.App. 1979). The same is said to be true where even though he was not specifically asked about drugs, the plea record demonstrates the defendant understood the proceeding. *Branstuder v. State*, 609 S.W.2d 460 (Mo. App.1980). In this instance it was upon the latter basis the trial court found the movant understood the proceeding. Movant argues there is no basis for this conclusion as the movant's participation was limited to one syllable answers to leading questions. The movant's examination is much like the examination held sufficient in *Flowers v. State*, 632 S.W.2d 307 (Mo.App.1982). Further, that argument must be considered in the light of the circumstances. The movant had conferred with his attorney and agreed to an obviously advantageous plea bargain. The movant was no novice to courtroom proceedings. He was observed and his manner and answers were evaluated by an experienced trial judge. Other allegations of his pleadings demonstrate he comprehended the proceeding.

■ This emphasizes another factor which was indirectly recognized by the trial court. Neither the recent ingestion of drugs, nor even drug addiction, per se renders a guilty plea involuntary. *Moore v. State*, 624 S.W.2d 520 (Mo.App.1981); *Branstuder v. State, supra.* The test is whether the ingestion of drugs or drug

addiction affected the defendant in such a way that his was not a knowing, voluntary plea of guilty. *Moore v. State,* supra. The motion and amendments to the motion are replete with allegations and statements of the movant's use of drugs. The only suggestion of this nature is in the preliminary statement to the consolidated motion. There the movant states the general conclusion he did not understand or appreciate the nature or consequences of the four charges against him. This so called consolidated motion is self-defeating. It appears that one of those four charges resulted in a jury trial and not a plea. The general conclusion is clearly and squarely refuted by the transcript of the guilty plea. Further, there was no allegations of any particular aspect of the charge that he did not understand or appreciate due to drugs. Compare *Moore v. State,* supra. The absence of such an allegation was properly considered by the trial court. Within the criterion cited above, it was an allegation of fact necessary to entitle movant to an evidentiary hearing. *Timms v. State,* 637 S.W.2d 804 (Mo.App.1982). This contention of the movant does not establish reversible error.

■ By his next point movant contends he pleaded facts that would establish he was denied the effective assistance of counsel and was thereby entitled to an evidentiary hearing on that issue. "The effectiveness of counsel is determined by whether performance conformed to the degree of care and skill a reasonably competent counsel renders as to like services under like circumstances—and whether the defendant was prejudiced by any lapse in such a standard of performance." *Branstuder v. State,* supra, at p. 463. Also see *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As the movant entered a plea of guilty, the effectiveness of assistance of counsel is an issue only to the extent such representation bears upon the understanding and voluntary nature of the plea. *Flowers v. State,* supra.

The movant does not in this point specify how his motion pleaded facts to establish he was denied effective assistance of counsel as required by Rule 30.06(d). In the rambling arguments in counsel's brief and in movant's pro se brief, various unsupported conclusions are asserted. Many are beyond the allegations of the motion or any amendments thereto. By argument the movant places great emphasis upon the failure of his counsel to "advance the defense of necessity." In a similar vein, he argues counsel erroneously informed him there was no defense to a charge of escape, with unerring reference to the defense of necessity.

His arguments on that issue in the briefs and in the material purporting to support the motion and its amendments demonstrate the specious nature of the point. In his original motion movant states that "as the result [he] fled for more drugs than that which could be obtained at the jail." Yet, with equal verity in his "consolidated motions" he says "movant will further testify that he could get all the drugs he wanted in this particular jail." In either event, the necessity to flee for or from available drugs is not a defense. The reference to it forms no basis for an evidentiary hearing. See *State v. Baker,* 598 S.W.2d 540 (Mo.App.1980).

■ He also argues his counsel's failure to attempt to obtain a mental examination for him. Such allegations do not require an evidentiary hearing. In no way does he allege or even suggest that he was prejudiced by such failure. *Harkins v. State,* 653 S.W.2d 255 (Mo.App.1983). Furthermore, statements in his "consolidated motions" on this aspect underscore his failure to state facts requiring an evidentiary hearing on the issue. To emphasize the alleged failure, he states counsel petitioned for such an examination in a similar case of fellow convict Manis. An examination of the record reveals trial counsel for movant in this case was neither counsel for Manis or for movant in his other cases. Statements or allegations which are self-defeat-

ing or from the record are patently false do not call for an evidentiary hearing.

Movant's other statements concerning the effectiveness of counsel have been considered. They are typified by the two examples above. They may be summarized as a meaningless prattle of words and phrases. It is sufficient to observe that none states facts raising the issue of effective counsel within the perimeter of the guidelines mentioned above. This point is denied.

■■ The movant next contends an evidentiary hearing was required by his statement the warrant for his arrest was issued by a clerk without a determination of probable cause by a neutral, detached magistrate. He cites cases such as *In re Harris*, 593 S.W.2d 517 (Mo. banc 1979) and *State v. Hedrick*, 637 S.W.2d 306 (Mo.App.1982). He neglects to add his own motion shows that at the time he fled, he was being held upon a conviction of a felony as well as under a warrant. He does not brief or deal with the consequences of this fact. However, the point merits no further consideration. The record as supplemented by order of this court conclusively demonstrates the warrant in question was in fact issued upon a determination of probable cause by an associate circuit judge.

■■ By an amendment to his motion, movant alleged his plea was invalid because he was not informed of the minimum and maximum sentences for escape. The plea transcript does not demonstrate he was expressly so informed at that time. However, after considering the same, the trial court concluded that transcript demonstrated that in accepting the plea bargain movant determined it was for his benefit and was aware of those limitations. This conclusion is strengthened by the whole record, in particular movant's statement that counsel "threatened" him with the maximum punishment. See *Stewart v. State*, 542 S.W.2d 544 (Mo.App.1976). In all events, the movant has not briefed the issue and it has been abandoned. *State v. Sager*, 600 S.W.2d 541 (Mo.App.1980), cert. denied 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). Movant's allegation of loss of numerous, but unspecified, legal files and documents presents no basis for relief under Rule 27.26. The trial court properly determined that measured by the applicable criterion the movant did not plead facts requiring an evidentiary hearing. The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.