804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman WEBB, Plaintiff-Appellant,
v.
W.D. BLANKENSHIP; Attorney General of the State of
Virginia, Defendants-Appellees.
 No. 86-7623.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 19, 1986.
Decided Oct. 31, 1986.
 
 Herman Webb, appellant pro se.
 Linwood Theodore Wells, Office of the Attorney General, for appellees.
 W.D.Va.
 DISMISSED.
 Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herman Webb appeals the decision of the district court dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254 for failure to exhaust state remedies.
 
 
 2
 Webb was convicted in a jury trial of grand larceny and was sentenced to seven years in jail. After failing to properly file a direct appeal, Webb filed a petition for a writ of habeas corpus in the state court. That petition was filed on July 26, 1984. In March 1985 the state court appointed Nancy Horne to represent Webb in his state action. In August 1985 a hearing was conducted in the state court; the state court asked Ms. Horne to file a brief after this hearing.
 
 
 3
 Although the brief was originally due sometime last autumn, the record indicates that Ms. Horne told Webb that she had received extensions until December 7, 1985, mid-February 1986, and May 1, 1986. It is not clear whether this brief was ever filed.
 
 
 4
 We are sympathetic to the delays Webb has endured and are cognizant that he may be released on parole before his conviction has received either direct or collateral review in the state courts. This situation does not, however, present "highly exceptional circumstances" warranting a deviation from the exhaustion requirement. Jones v. Solem, 339 F.2d 729, 331 (8th Cir.1984) (citing Rose v. Lundy, 455 U.S. 509, 515 (1982)). We are especially reluctant to waive the exhaustion requirement where the delay in the state court is a result of inaction by petitioner's own appointed attorney. But See Wade v. Lockhart, 674 F.2d 721 (8th Cir.1982).
 
 
 5
 We conclude, then, that Webb has failed to exhaust his state remedies and that his appeal from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254 is without merit. Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 6
 DISMISSED.