**Danny JIMMERSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15540.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 1988.

Steven E. Jordan, Asst. Public Defender, Farmington, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant was convicted of capital murder. § 565.001, RSMo 1978 (repealed). He was sentenced to life imprisonment as provided in § 565.008.1, RSMo 1978 (repealed). His conviction was affirmed on appeal. *State v. Jimmerson,* 660 S.W.2d 475 (Mo.App.1983). In this proceeding he attacks that conviction by motion under Rule 27.26 filed on November 3, 1986. See Rule 24.035(*l*). On this appeal, the movant argues his motion was improperly dismissed without an evidentiary hearing.

The merit of movant's appeal is determined by a standard often restated. "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts [in the record]." *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975) (emphasis in original).

This proceeding was initiated by movant's pro se motion. In that motion he purported to state two grounds. First, his "Federally secured rights were violated when he was denied the right to confrontation." Second, his "Federally secured rights were again violated when he was denied his rights to effective assistance of counsel." Each statement is followed with the reference "(See attachment)."

The attachment is a "Brief in Support of Motion 27.26." The brief is in the expected form of conclusions of violations of rights and the inappropriate citation of authori-

ties, such as *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The amended motion filed by appointed counsel, which improperly incorporated the pro se motion, see *Pool v. State*, 634 S.W. 2d 564 (Mo.App.1982), is but little better. The basic allegation of the amended motion is as follows: "During the trial testimony of William 'Creeper' Chandler the state utilized improper hearsay evidence."

Only by a liberal construction of the motion in favor of the movant can any factual allegations be distilled. By such a construction it may be said the movant pled the following facts. In the trial which resulted in his conviction, his accomplice and co-defendant, William "Creeper" Chandler, testified on behalf of the state. Chandler's testimony included a statement made by the movant in a conversation with Chandler and one Xavier Artis. The testimony was as follows: "You know, me and Mr. Jimmerson was both talking and come up that Mr. Jimmerson said 'Everybody think that Creeper shot the man, but I killed him.'" Artis was not called as a witness.

The movant alleges the admission of this statement denied him the right of confrontation in respect to Artis. Also, the admission of the statement without the cautionary instruction referred to in *Bruton* is asserted to have been error. On appeal, movant contends that because Artis was not present and did not testify the testimony of Chandler relating the statement made by the movant was inadmissible hearsay. Finally, the failure of trial counsel to object to these matters is alleged to establish ineffective assistance of counsel.

No citation of authority is necessary to establish that the movant's allegations and arguments have no merit. The admission of the testimony of Chandler concerning the statement made by the movant was not error. Trial counsel could not have been ineffective for failing to pose an improper objection to that evidence. The record before the motion court conclusively refutes the factual allegations of the 27.26 motion.

The state points out the motion was not dismissed. The docket sheet and judgment entry reflect that the motion was by agreement submitted to the court upon the transcript and record. It is not clear if that submission was upon the merits of the 27.26 motion or the state's motion to dismiss without an evidentiary hearing. The distinction is not material. The result would be the same. The trial court made adequate and proper findings upon the issues it thoughtfully abstracted from the motion and found that motion to have no merit. By its judgment the motion court denied the motion and that judgment is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.