**Cleveland GRIFFIN, Jr., Plaintiff,**

v.

**Bruce NANGLE, Attorney at Law, Individually and acting along in concert with State Officials, and Hon. Judge Satz, Circuit Court of the City of St. Louis, Mo., Individually and in his official capacity, Defendants.**

**No. 74–478C(1).**

United States District Court,
E. D. Missouri, E. D.

Oct. 8, 1974.

Cleveland Griffin, pro se.

Bernard A. Ruthmeyer, Harvey G. Schneider, Richard E. Schwartz, St. Louis, Mo., for respondents.

### MEMORANDUM

MEREDITH, Chief Judge.

This action is before the Court on defendants' separate motions to dismiss. The motions shall be granted.

Plaintiff has brought this action under 42 U.S.C. § 1983 alleging that the defendants conspired to deprive him of his constitutional rights. Plaintiff alleges that the two defendants conspired to coerce and trick him into entering a plea of guilty to a charge of statutory rape. Defendant Nangle was acting as attorney for plaintiff in that action which was before defendant Judge Satz in the Circuit Court for the City of St. Louis, Missouri. Plaintiff did, indeed, plead guilty and was sentenced to six years in the Missouri State Penitentiary.

The doctrine of judicial immunity is one of the oldest traditions of our legal system. The Supreme Court recognized more than a century ago that judges are immune from liability for damages for acts committed within the ambit of their judicial jurisdiction. *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872). It has further held that the doctrine was not disturbed by the enactment of The Civil Rights Act of 1871, 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The doctrine applies in this case, because Judge Satz was acting within his jurisdiction. Therefore, he is immune from such a suit as this.

Plaintiff's claim against defendant Nangle fails to state a cause of action under 42 U.S.C. § 1983, for the reason that counsel's actions were not taken under color of state law. See, e.g., *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir.1968). Plaintiff cites *McLaughlin v. City of New York* (unreported) to opposite effect, but that decision was, in fact, reversed on appeal, sub nom. *Wallace v. Kern,* 481 F.2d 621 (2d Cir.1973). Accordingly, defendant Nangle's motion to dismiss shall be granted.