**Alonzo JORDAN–BEY, Plaintiff,**

v.

**Michael MUSICH, Defendant.**

**No. 82–1720C(2).**

United States District Court,
E.D. Missouri, E.D.

April 8, 1983.

Alonzo Maurice Jordan-Bey, pro se.

Cornelius T. Lane Jr., Gunn & Lane, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the defendant to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. In support of his motion, the defendant contends that he is not a "person" within the meaning of § 1983 and therefore this action must be dismissed.

Plaintiff's cause of action arises out of the appointment of the defendant to represent him in his case presently pending in state court. The defendant is a public defender in the City of St. Louis. The plaintiff alleges in his complaint that the defendant has failed to interview witnesses, file pretrial motions, or properly represent him in the preparation of his case. The plaintiff is seeking damages and injunctive relief.

This court recognizes that a pro se complaint must be judged by less stringent standards than those normally employed when construing a complaint prepared by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In the context of a pro se complaint, even those allegations that are inartfully pled can be "sufficient to call for the opportunity to offer supporting evidence." *Haines v. Kerner*, 404 U.S. at 520, 92 S.Ct. at 595; *Haggy v. Solem*, 547 F.2d 1363 (8th Cir.1977). However, construing the complaint in the light most favorable to the plaintiff, it must be concluded that there is no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

42 U.S.C. § 1983 imposes liability upon any "person" who, under the color of state law, deprives another of any right secured by the federal constitution or laws. Therefore, in order to state a cause of action pursuant to § 1983, the defendant must be a "person" within the meaning of the statute and must be acting under the color of state law. It has been held repeatedly that the acts of court appointed counsel in furtherance of his duties are not performed under the color of state law. *Barnes v. Dorsey*, 480 F.2d 1057 (8th Cir. 1973); *Griffin v. Nangle*, 413 F.Supp. 913 (E.D.Mo.1974). Therefore, it must be concluded that the plaintiff's complaint fails to state a cause of action under 42 U.S.C. § 1983.

Accordingly, the motion of the defendant to dismiss the plaintiff's complaint will be granted and this action will be dismissed.