**Paul SEEMILLER, Plaintiff,**

v.

**CIRCUIT COURT CLERK OF ST. CHARLES COUNTY et al., Defendants.**

**No. 80–151C(5).**

United States District Court, E. D. Missouri, E. D.

Sept. 5, 1980.

Paul Seemiller, pro se.

E. Darrell Davis, Jr., St. Charles County Counselor, St. Charles, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on the defendants' motion to dismiss.[1] In the complaint, brought under 42 U.S.C. § 1983, plaintiff, a state prisoner, alleges that the St. Charles County Circuit Court Clerk and others have conspired to delay and impede his state court motion to vacate sentence. The motion was filed under Rule 27.26 of the Missouri Revised Statutes. Rule 27.-26(e) provides that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held.

In plaintiff's amended complaint, he alleges that the motion, No. CV179–2471CC, was filed in November, 1979. Apparently, a hearing was scheduled to be held March 6, 1980, but was postponed for reasons unknown to this Court.

However, in view of the overcrowded dockets in state and federal courts, here and elsewhere, this Court is not prepared to hold that a delay of 10 months to a year in reviewing a collateral attack on a conviction is unreasonable or amounts to a deprivation of constitutional rights. *See generally Thompson v. White*, 591 F.2d 441 (8th Cir. 1979); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978); *Mucie v. Missouri State Department of Corrections*, 543 F.2d 633, 635–36 (8th Cir. 1976); *and Barry v. Sigler*, 373 F.2d 835, 838–39 n.4 (8th Cir. 1967).

---

1. The United States district judge who entertained this action prior to its transfer to this Court viewed defendants' motion and the accompanying affidavits as a motion for summary judgment under Fed.R.Civ.P. 56. This Court has chosen to exclude the affidavits and matters outside the pleadings and to treat the motion as a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

This does not mean that a more substantial delay would not amount to a denial of civil rights under Section 1983, and, thus, this complaint will be dismissed without prejudice so that plaintiff may refile his complaint in the event that his 27.26 motion is not resolved in due course.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss be and is GRANTED for plaintiff's failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED without prejudice so that plaintiff may refile his complaint at a later date.

IT IS FURTHER ORDERED that plaintiff's application for leave to add additional parties and motion for consolidation with cause No. 80–0492–C(3) are DENIED as moot.