Paul SEEMILLER, Appellant,

v.

CIRCUIT COURT CLERK OF ST. CHARLES COUNTY, Prosecuting Attorney of St. Charles County, and Honorable Judge Dalton, Circuit Court, Appellees.

No. 80–1947.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1981.

Decided Feb. 12, 1981.

Paul Seemiller, pro se.

E. Darrell Davis, Jr., St. Charles County Counselor, St. Charles, Mo., for appellees.

---

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Plaintiff Paul Seemiller, an inmate of the Missouri State Penitentiary in Jefferson City, Missouri brought this civil rights action pursuant to 42 U.S.C. § 1983 claiming the St. Charles County Circuit Court Clerk and Prosecuting Attorney conspired to delay and impede his state court motion, brought under Missouri Supreme Court Rule 27.26 Missouri Revised Statutes, to vacate his state sentence. The amended complaint was filed November 8, 1979,[1] a hearing was scheduled for March 6, 1980, but delayed, and the instant suit was filed in the United States District Court for the Eastern District of Missouri on January 30, 1980. After referral to another judge the instant federal § 1983 case was referred to Judge Clyde S. Cahill who by memorandum and order of September 5, 1980, granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted.[2]

We agree the instant suit, which was filed less than three months after the amended complaint was filed in the state 27.26 action, was premature and affirm the district court, 88 F.R.D. 46. We also hold the affirmance, like the dismissal below, is without prejudice so that plaintiff may refile his complaint in the future if the state court proceedings are not resolved in due course.

It is so ordered.

1. The district court original record shows the complaint was originally filed July 26, 1979, counsel was appointed, appointed counsel unsuccessfully sought to withdraw and the court ordered an amended complaint be filed by November 5, 1979.

2. The district court held,
     [I]n view of the overcrowded dockets in state and federal courts, here and elsewhere, this Court is not prepared to hold that a delay of 10 months to a year in reviewing a collateral attack on a conviction is unreasonable or amounts to a deprivation of constitutional

rights. *See generally Thompson v. White*, 591 F.2d 441 (8th Cir. 1979); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978); *Mucie v. Missouri State Department of Corrections*, 543 F.2d 633, 635–36 (8th Cir. 1976); *and Barry v. Sigler*, 373 F.2d 835, 838–39 n.4 (8th Cir. 1967). This does not mean that a more substantial delay would not amount to a denial of civil rights under Section 1983, and, thus, this complaint will be dismissed without prejudice so that plaintiff may refile his complaint in the event that his 27.26 motion is not resolved in due course.