**Lewis E. ASHKER, Petitioner,**

v.

**Walter LEAPLEY, Warden, South Dakota State Penitentiary, and Roger Tellinghuisen, Attorney General, State of South Dakota, Respondents.**

**No. Civ. 90–4130.**

United States District Court,
D. South Dakota, S.D.

Sept. 10, 1992.

Roberto A. Lange, Sioux Falls, S.D., for petitioner.

John E. Haak, Asst. Atty. Gen., Pierre, S.D., for respondents.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Chief Judge.

Petitioner, Lewis E. Ashker, seeks habeas corpus relief under 28 U.S.C. § 2254. After consideration of the record, briefs, and arguments of counsel, the Court concludes that Petitioner is entitled to relief. Accordingly, his petition shall be granted.

### Background

Petitioner was convicted of first degree murder in the death of Jerry Plihal on June

10, 1986 and was subsequently sentenced to life imprisonment. His conviction was affirmed on direct appeal, *State v. Ashker*, 412 N.W.2d 97 (S.D.1987), and his state petition for post-conviction relief was denied. *Ashker v. Solem*, 457 N.W.2d 473 (S.D.1990).

Plihal was found dead on the living room floor of his Delmont, South Dakota home on June 16, 1985. He died as a result of multiple stab wounds. The State's witnesses placed the time of death somewhere between 6:30 p.m. on Thursday, June 13, 1985 and 2:30 a.m. on Friday, June 14, 1985.

Petitioner was convicted on the basis of circumstantial evidence. No fingerprints were found inside the house and no murder weapon was ever recovered. Petitioner did not testify, nor did he present any witnesses. The State linked Petitioner to the incident through his association with co-defendant Kurt Novaock, who had been Plihal's neighbor at one time.

At the time of the death, Petitioner and Novaock were both living in Wayne, Nebraska. Several witnesses testified that they saw Novaock in Delmont on the evening of June 13, 1985, accompanied by an unidentified man.[1] Petitioner admitted to law enforcement officers that he had been with Novaock on the night in question but he denied that they were in Delmont.[2]

Following Plihal's death, law enforcement officers searched the area outside of his residence. They recovered some paint chips found near a bent clothesline pole. The damage on the pole was similar to damage on the right rear bumper and tailgate of Petitioner's pickup. The State conducted analysis of the paint chips which revealed they could have come from Petitioner's tailgate. No bloodstains were found inside Petitioner's pickup.

Petitioner and Novaock were indicted for Plihal's murder on December 3, 1985.

Each was tried separately. Both were convicted and sentenced to life imprisonment.

### Issues

Petitioner presents five grounds for relief. The first ground for relief is that error was committed by the admission of hearsay evidence to impeach the deposition testimony of a state witness. Because I conclude that this ground for relief is meritorious, it is unnecessary to consider the other grounds for relief, since it does not appear that the issues raised therein are likely to recur at a subsequent retrial.

### Discussion

■ Rule 607 of the Federal Rules of Evidence [SDCL 19–14–8] provides that a party may impeach his own witness. There is, however, one important limitation: impeachment may not be used as a subterfuge to place otherwise inadmissible hearsay before the jury. *United States v. Fay*, 668 F.2d 375, 379 (8th Cir.1981) (citing *United States v. Rogers*, 549 F.2d 490, 497 (8th Cir.1976)).

1.

■ Sharon Novaock was the wife of Petitioner's co-defendant. Due to health reasons, she was unable to testify at trial. Her deposition was taken by counsel for both parties. Because she gave relevant testimony on several points, such as placing Petitioner with Kurt Novaock on the afternoon of June 13, 1985, establishing that Petitioner was driving a green pickup truck, and that she and her husband were former neighbors of Plihal, no error was committed by using her deposition as a general proposition. However, this does not end the Court's inquiry.

2.

The State's Attorney was permitted to read the following testimony over Petitioner's objection:

---

**1.** The witnesses testified that Novaock and his companion were driving around the vicinity of Plihal's house in a light green or turquoise pickup truck. Others described the vehicle as a white van.

**2.** This statement is consistent with a statement Ashker made to a television reporter. The reporter testified about the interview at Ashker's trial. In addition, Kurt Novaock's wife Sharon linked the two men together on the afternoon of June 13, 1985.

Q. Did you ever destroy any of the clothing that your husband was wearing on June 13, 1985?

\* \* \* \* \* \*

A. No.

Q. Have you ever told anyone that you destroyed his clothing that he was wearing on June 13, 1985?

\* \* \* \* \* \*

A. No.

Sharon Novaock Deposition at 22, lines 12 through 22. The State then called Lisa Jensen, who testified that Sharon Novaock told her sometime in June, 1985 that Novaock's husband had come home with blood on his clothes and boots, and the witness could not remember if Novaock told her that she had burned them, or that she threw them away. The jury was admonished twice that the Jensen testimony was not being offered to prove the matter asserted, but that it was only to be used to impeach Sharon Novaock's credibility.

### 3.

The issue in this case is unusual in that it arises from the use of a deposition, rather than live testimony. The State was not surprised by Sharon Novaock's testimony as is usually the case where a party is allowed to impeach one of its witnesses.

If the objectionable portion of the deposition had not been read,[3] there would be no need to impeach Sharon Novaock's testimony. The only possible reason for reading the objectionable portions of the deposition was to place incriminating hearsay before the jury. *Cf. United States v. Livingston*, 816 F.2d 184 (5th Cir.1987). In this circumstantial evidence case, this was clearly the strongest evidence tieing Kurt Novaock, and by association the Petitioner, to Plihal's murder. It is, therefore, unreasonable to believe that the jury would not consider this evidence as substantive evidence on the issue of guilt or innocence. Accordingly, the Court concludes that

presenting this evidence to the jury constituted error.

### 4.

The next inquiry is whether the error was harmless.

There was circumstantial evidence and reasonable inferences from which the jury could find that:

1. That Plihal died either late on June 13, 1985 or early on June 14, 1985 of multiple stab wounds.

2. The position of the knife wounds indicated that there were probably two assailants.

3. That Petitioner and Novaock were in Delmont the evening of June 13, 1985.

4. That Petitioner and Novaock were in Petitioner's green pickup truck.

5. That Petitioner's pickup truck struck a clothesline pole in decedent's back yard, causing damage to both the truck and the pole.

6. That a ball point pen from Petitioner's home town of Wayne, Nebraska was found on the ground near the damaged pole and that it could have come from Petitioner's pickup when it struck the pole.

7. That Petitioner gave conflicting stories as to his whereabouts on the evening of June 13, 1985.

8. That Petitioner's truck was not damaged in an accident in front of the Laurel, Nebraska liquor store as claimed by Petitioner.

9. That an altercation that Petitioner claimed he was involved in on the evening of June 13, 1985 at a Omaha, Nebraska Burger King occurred on the morning of that day.

When the evidence relating to Kurt Novaock's bloody clothes is added to the other facts presented by the State, the case against Petitioner is greatly enhanced. Without it, the question of whether there was sufficient evidence to sustain Petitioner's conviction is, as the South Dakota Supreme Court stated, "incredibly close." *State v. Ashker*, 412 N.W.2d at 106.

---

3. The State could have, and should have, excised those portions of the deposition which it later

impeached with Lisa Jensen's testimony.

The Court notes that Kurt Novaock was convicted by a separate jury on substantially the same evidence with the exception of the testimony of Sharon Novaock and Lisa Jensen. *State v. Novaock,* 414 N.W.2d 299 (S.D.1987). Novaock's conviction on substantially similar evidence arguably supports the proposition that Petitioner would have been convicted without the Jensen testimony and, therefore, that presenting it to the jury was harmless error. However, this is not the test for harmless error in the Eighth Circuit.

The relevant inquiry is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Lufkins v. Leapley,* 965 F.2d 1477, 1481 (8th Cir.1992) (quoting *Yates v. Evatt,* — U.S. —, —, 111 S.Ct. 1884, 1892, 114 L.Ed.2d 432 (1991). Stated another way, the question is whether "the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the [improperly admitted hearsay evidence] is so insignificant by comparison, that it is clear beyond a reasonable doubt that the [error] was harmless...." *Schneble v. Florida,* 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972).

In this case, the circumstantial evidence against Petitioner is not so strong that this Court can say beyond a reasonable doubt that Lisa Jensen's testimony did not contribute to the verdict obtained. Nor can Jensen's testimony be characterized as insignificant. It follows that the error committed in receiving the two questions from the Sharon Novaock deposition and the Lisa Jensen testimony cannot be said to be harmless. Accordingly, Petitioner is entitled to a writ of habeas corpus.

Therefore, upon the record herein,

IT IS ORDERED:

(1) That Petitioner's Petition for a Writ of Habeas Corpus is granted.

(2) That Petitioner shall be released from custody unless the State retries him within one hundred twenty days.