Lewis E. ASHKER, Appellee,

v.

Walter LEAPLEY, Warden;  Mark W. Barnett, Attorney General, State of South Dakota, Appellants.

No. 92–3749.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1993.

Decided Oct. 1, 1993.

John E. Haak, Pierre, SD, argued, for appellants.

Roberto A. Lange, Sioux Falls, SD, argued, for appellee.

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and GUNN,* District Judge.

WOLLMAN, Circuit Judge.

The State of South Dakota appeals from a district court order granting Lewis E. Ashker federal habeas corpus relief under 28 U.S.C. § 2254. Because we conclude that Ashker failed to exhaust his state court remedies, we reverse.

Ashker was convicted of first degree murder in the stabbing death of Jerry Plihal and was sentenced to life imprisonment. At trial, the State introduced the deposition of Sharon Novaock, the wife of Ashker's co-defendant, Kurt Novaock. Sharon Novaock's testimony placed Ashker with Kurt Novaock on the afternoon of the murder. She also denied telling anyone that she had destroyed the blood-stained clothing that her husband wore on the day of the murder. The State then called Lisa Jensen, who testified that Sharon Novaock had told her that her husband had come home with blood on his clothes and boots and that she had burned them or thrown them away. The trial court twice admonished the jury that Jensen's testimony was not offered to prove the truth of the matter asserted, but only to impeach Sharon Novaock's credibility. The South Dakota Supreme Court affirmed Ashker's conviction on direct appeal, *State v. Ashker*, 412 N.W.2d 97 (S.D.1987), and denied his petition for post-conviction relief. *Ashker v. Solem*, 457 N.W.2d 473 (S.D.1990).

Ashker then filed the present habeas petition. 798 F.Supp. 590 (D.S.D.1992). The district court denied the State's motion to dismiss Ashker's petition for failure to exhaust state remedies on three of his five claims and granted the writ based on Ashker's first claim: that his conviction was obtained by impeachment of the State's own witness in violation of the confrontation clause of the Sixth Amendment. The court did not consider Ashker's remaining claims. The State argues on appeal that the district court erred in denying its motion to dismiss.

■ A state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b). Further, a district court "must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim. *Picard v. Connor*, 404 U.S. 270, 275–78, 92 S.Ct. 509, 512–14, 30 L.Ed.2d 438 (1971). It is not enough that all the facts necessary to support a federal claim are before the state court or that the petitioner asserted a similar state-law claim. *Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir.) (per curiam), *cert. denied*, 469 U.S. 838, 105 S.Ct. 138, 83 L.Ed.2d 78 (1984). The petitioner must "refer to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir.1988) (quoting *Martin v. Solem*, 801 F.2d 324, 330–31 (8th Cir.1986)).

■ We conclude that Ashker did not exhaust his confrontation-clause claim.[1] In his state court brief on direct appeal, Ashker raised the issue of Jensen's testimony as one of improper introduction of hearsay. He did not refer to a confrontation-clause violation, the Sixth Amendment, or a federal or state case addressing the confrontation-clause issue. Ashker's assertion that he was "denied his constitutional right to a fair trial under the Fourteenth Amendment" was not sufficient to fairly present the confrontation-

---

* The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri, sitting by designation.

1. Ashker fairly presented the other disputed claims to the state courts. He raised on direct appeal his claim of prosecutorial misconduct and raised in his state petition for post-conviction relief his claim that the prosecution failed to deliver exculpatory evidence. The South Dakota Supreme Court found that the facts did not support these allegations. *See State v. Ashker*, 412 N.W.2d at 103–05; *Ashker v. Solem*, 457 N.W.2d at 477–78.

clause claim to the state court. In addition, the South Dakota Supreme Court's opinion did not mention the confrontation clause.[2]

■ We disagree with Ashker's argument that the confrontation-clause issue "inheres in any challenge of a criminal conviction for improper use of hearsay." Confrontation-clause analysis is a separate and distinct inquiry that does not necessarily overlap with hearsay analysis. *Rogers*, 549 F.2d at 498–99 and n. 10. Further, we find this case distinguishable from *Morrow v. Wyrick*, 646 F.2d 1229, 1232 n. 5 (8th Cir.) (confrontation clause raised implicitly in brief emphasizing hearsay aspects), *cert. denied*, 454 U.S. 899, 102 S.Ct. 401, 70 L.Ed.2d 216 (1981). In *Morrow*, "the state was able to identify the substance of petitioner's points of error and address the merits, citing two of the landmark Supreme Court cases on the confrontation clause." *Id.* at 1232. Here, the State addressed only Ashker's claim of evidentiary error in its state court appellate brief.

■ Before dismissing his petition for failure to exhaust, we must also determine whether non-futile state court remedies remain available to Ashker. *See Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980). We conclude that Ashker retains such a remedy. Ashker may file another petition for habeas relief in state court if he can show reasonable cause for omitting or inadequately raising the confrontation-clause ground in his original petition. *See* S.D.Codified Laws Ann. § 21–27–16.1 (1987); *Gregory v. Solem*, 449 N.W.2d 827, 830–31 (S.D.1989). Ashker's argument that this effort would be futile because he has already presented his claims to the South Dakota courts fails in light of our holding that Ashker did not fairly present his confrontation-clause claim.

Accordingly, we reverse the district court's order granting Ashker habeas relief and remand the case to the district court with directions to dismiss without prejudice Ashker's habeas petition.

---

**2.** Although the South Dakota Supreme Court cited *United States v. Rogers*, 549 F.2d 490 (8th Cir.1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977), a case in which we analyzed both the evidentiary and confrontation clause implications of an extrajudicial statement, the court referenced only that portion of *Rogers* which discussed the evidentiary implications. *State v. Ashker*, 412 N.W.2d at 100 and n. 1.