Delores LUTON, Plaintiff–Appellant,

v.

Thelma GRANDISON, Defendant–Appellee.

No. 94–1723.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Oct. 27, 1994.

Curtis L. Blood, Collinsville, IL, argued, for appellant.

Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before McMILLIAN, and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Delores Luton, a Missouri prisoner, appeals the District Court's[1] order denying her 28 U.S.C. § 2254 petition for writ of habeas corpus. For the reasons stated below, we affirm.

## BACKGROUND

Luton (appellant) was convicted in Missouri Circuit Court of conspiracy to commit the murder of her husband and was sentenced to fifteen years imprisonment. Her conviction was affirmed on direct appeal. *State v. Luton*, 795 S.W.2d 468 (Mo.Ct.App. 1990). Appellant's habeas corpus petition was filed alleging thirteen errors of constitutional or federal law. The District Court considered all claims and denied relief.[2] The present appeal addresses a single issue, namely, whether the District Court erred when it denied appellant's *Brady v. Maryland* due process claim based on the prosecution's failure to disclose a damaging pretrial statement given by a defense witness to the prosecution.

Approximately two weeks prior to appellant's trial, Jack Swinford, a key defense witness, initiated contact with the prosecution and made a voluntary written statement regarding an attempt by the then-defendant to bribe him for perjured testimony. Swinford's statement indicated that appellant offered him a set of drums, a men's diamond ring, and $5,000 in cash for perjured testimony scripted by the appellant, tending to exculpate her. When called by the defense at trial, Swinford refused to corroborate the scripted version of the facts. On cross examination by the prosecution, he revealed appellant's attempt to bribe him and offered testimony consistent with his written statement. The defense was supplied with a copy of the written statement after Swinford's testimony.

## DISCUSSION

Appellant contends that the prosecution's failure to disclose the Swinford statement prior to trial violated her due process rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The District Court denied relief on the merits. In addition to the merits of appellant's claim, the issue of whether the claim should be deemed procedurally barred from review must be addressed.

### A. Procedural Bar

As a prerequisite to federal habeas corpus review, a petitioner must exhaust state remedies and present the *same legal theories and factual bases* to the state courts. *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir.1994) (emphasis added) (citations omitted). On direct appeal in the state courts, the appellant asserted the trial court abused its discretion in denying her motion for a mistrial based on alleged violations of Missouri rules on discovery in criminal cases. The issue before the Missouri Court of Appeals was whether the prosecution complied

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

1. The Honorable Donald J. Stohr, Judge, United States District Court for the Eastern District of Missouri. Judge Stohr's order denying relief followed a recommendation made by Honorable Fredrick R. Buckles, United States Magistrate Judge, United States District Court for the Eastern District of Missouri.

2. The District Court, following the Magistrate's recommendation, found the majority of appellant's grounds to be procedurally barred from consideration. The merits of the due process allegation which forms the basis of the present appeal were reached by the District Court.

with the Missouri discovery rules, and not whether the appellant's due process rights, presently alleged, were violated.

This issue was addressed by the Missouri court which stated:

> The issue presented in this proceeding is not a *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), type situation. The scope of the state's duty to disclose under our discovery rules overlaps, yet differs from, the scope of the state's duty to disclose under the doctrine established in *Brady* and its progeny.

*State v. Luton,* 795 S.W.2d 468, 477–78 (Mo. App.1990). Although a close call, it appears the appellant failed to present her federal constitutional claim to the state courts. While Missouri's statute bears some relation to the constitutional requirements evolving out of *Brady,*[3] habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review. *McDougald v. Lockhart,* 942 F.2d 508, 510 (8th Cir.1991), citing *Thomas v. Wyrick,* 622 F.2d 411, 413 (8th Cir.1980). This was not done in the present case. As such, the appellant should be considered to have defaulted this particular issue.

▮ Procedurally defaulted claims may merit consideration if the appellant can establish adequate cause for her default and actual prejudice resulting therefrom. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In order to establish cause, a petitioner must demonstrate that some objective factor external to the defense impeded her efforts to comply with the state procedural requirements. *Murray v. Carrier, supra,* 477 U.S. at 487–88, 106 S.Ct. at 2645. A showing of prejudice requires a petitioner to "shoulder the burden of showing not merely that the errors created a possibility of preju-

dice but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982). Because the appellant has failed to meet her burdens under these standards, her claim should be considered procedurally barred and therefore beyond the scope of federal habeas review.

**B. Merits of Appellant's Claim**

▮ Relief must similarly be denied on the merits of appellant's due process claim.[4] In order obtain habeas corpus relief on a claim of improperly suppressed exculpatory evidence, a petitioner must show three things: (1) that the prosecution suppressed evidence, (2) that the evidence was favorable to the petitioner, and (3) that the evidence was material to the issue of guilt or punishment. *Cornell v. Nix,* 976 F.2d 376, 382 (8th Cir. 1992) (en banc), *cert. denied,* — U.S. —, 113 S.Ct. 1820, 123 L.Ed.2d 450 (1993), citing *Brady v. Maryland, supra,* 373 U.S. at 87, 83 S.Ct. at 1196–97. The latter two elements are at issue in the present appeal.

▮ Evidence is favorable to the defense if it is exculpatory or if it may be used to impeach a witness. *Brady, supra,* 373 U.S. at 87–89, 83 S.Ct. at 1197. Appellant's theory is that within the Swinford statement is the indication that appellant privately maintained her innocence. It appears that prior to offering Swinford the bribe for perjured testimony, the appellant indicated to Swinford she did not do what she was being charged with. Swinford relayed this information to the prosecution and this became part of his written statement. Taken as a whole, the Swinford statement is clearly not favorable to the appellant, and was, in fact, quite damaging to her. Even the small portion of the statement where she professes innocence cannot be considered "favorable"

---

**3.** Rule 25.03(A)(9) of the Missouri Rules of Criminal Procedure provides in pertinent part:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel disclose to defendant's counsel ... (9) Any material or information within the possession or control of the state, which tends to negate

the guilt of the defendant as to the offense charged, mitigate the degree of the offense charged, or reduce the punishment.

**4.** The present discussion is particularly relevant as the appellee did not cross-appeal the District Court's decision to address the merits of appellant's due process claim.

in a *Brady* sense. Her disclaimer is more accurately described as a self-serving attempt to induce Swinford to commit perjury. A jury is under a solemn oath to presume a criminal defendant contesting her prosecution maintains her innocence. Even taken at its fullest value, her indication that she was innocent is nothing more than what the jury is already required to presume. While it certainly would have been beneficial to the appellant to know her witness had made a statement to the prosecution, the fact that she privately maintained her innocence is not the type of favorable evidence envisioned by *Brady* and its progeny. The statement, in whole or in part, is simply not favorable to the appellant, i.e., tending to prove her innocence, therefore the Due Process Clause is not implicated. *United States v. Salinas*, 940 F.2d 392 (9th Cir.1991).

■ Appellant is also unable to show that the evidence was material to the issue of guilt or punishment. Suppressed exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Cornell v. Nix*, 976 F.2d 376, 382 (8th Cir.1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.; United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). Had the jury known that appellant privately maintained her innocence while soliciting perjury, the outcome of the trial would not have been different. It should be remembered that Swinford was called as a defense witness. The government already had its case in, which included an undercover tape recording of appellant soliciting and instructing the hit-man hired to kill her husband. We are not persuaded that the modest bright spot in the otherwise-damaging Swinford statement was material to the issue of guilt in this case.

## CONCLUSION

For the reasons stated above, the decision of the District Court is affirmed.