Lewis E. ASHKER, Appellant/Petitioner,

v.

Joseph CLASS, Warden, South
Dakota State Penitentiary,
Appellee/Respondent.

No. 18996.

Supreme Court of South Dakota.

Argued May 24, 1995.

Decided July 5, 1995.

Roberto A. Lange of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellant/petitioner.

Mark Barnett, Atty. Gen., John E. Haak, Asst. Atty. Gen., Pierre, for appellee/respondent.

SABERS, Justice.

After many legal proceedings, Ashker filed a second petition for habeas corpus in state court. The habeas court found Ashker did not show cause why he did not raise the Confrontation Clause issue on his first habeas petition and dismissed his petition. We affirm.

## FACTS

Ashker was convicted of first degree murder of the death of Jerry Plihal in Delmont, South Dakota. Kurt Novaock, his accomplice, was also convicted of first degree murder of Plihal in a separate trial. *State v. Novaock*, 414 N.W.2d 299, 300 (S.D.1987). At Ashker's trial, the State introduced the

deposition testimony of Kurt's wife, Sharon Novaock. Sharon testified that Ashker and her husband were together that night. She denied making any statement to a neighbor that Kurt had come home with bloody clothes which she destroyed. The State then called Lisa Jensen for impeachment purposes. Jensen testified that Sharon told her she had destroyed Kurt's bloody clothing.[1] The background and detailed facts are set forth in *State v. Ashker*, 412 N.W.2d 97 (S.D.1987) (Ashker I).

We affirmed Ashker's conviction in Ashker I. We held the admission of Jensen's testimony for impeachment purposes was not reversible error.

Ashker filed his first petition for habeas corpus in state court. He did not raise the Confrontation Clause issue at that time. It was denied. We affirmed the denial in *Ashker v. Solem*, 457 N.W.2d 473 (S.D.1990) (Ashker II).

Ashker filed for a writ of habeas corpus in federal court. The federal district court granted his petition. *Ashker v. Leapley*, 798 F.Supp. 590, 593 (D.S.D.1992). The federal district court held it was "unreasonable to believe that the jury would not consider this evidence as substantive evidence on the issue of guilt or innocence." *Id.* at 592.

The Eighth Circuit Court of Appeals reversed on the basis that Ashker did not exhaust his state remedies. *Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir.1993). The Eighth Circuit held the Confrontation Clause issue had not been addressed in state court.[2] *Id.* at 1179. "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Id.* at 1179 (citations omitted).

Ashker filed a second petition for habeas corpus in state court. The habeas court denied his petition. Ashker appeals and we affirm.

**Whether Ashker has shown cause for his omission or failure to raise Constitutional grounds[3] on his first habeas petition?**

 SDCL 21–27–16.1 provides:

All grounds for relief available to a petitioner ... shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application.

To avoid dismissal of a subsequent petition, a petitioner must show:

1. Cause for his omission or failure to previously raise the grounds for habeas relief; and

2. Actual prejudice resulting from the alleged constitutional violation.

*Gregory v. Solem*, 449 N.W.2d 827, 830 (S.D. 1989). In *Gregory*, 449 N.W.2d at 831, we adopted the "cause and prejudice" test set forth by the United States Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *reh. den.*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977) as the equivalent in determining whether "reasonable cause" has been shown.

 "[A]bsent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel, ... and that defense counsel may not flout state procedures and

---

1. It is interesting to note that Novaock was convicted despite the fact that this evidence was not admitted in his trial. *Novaock*, 414 N.W.2d at 300.

2. In Ashker I, Attorney Alberts urged the Confrontation Clause grounds in pretrial proceedings. *See infra.* In the federal habeas corpus proceeding, Federal District Court Judge John Jones reached the merits of the Confrontation

Clause issue, without discussing the "cause and prejudice" test. *Ashker*, 798 F.Supp. at 593.

3. The specific ground for habeas corpus relief is the claimed failure to assert the Confrontation Clause of the U.S. Constitution, which provides an accused the right "to be confronted with the witnesses against him[.]" U.S. Const.Amd. 6.

then turn around and seek refuge in federal court from the consequences of such conduct[.]" *Reed v. Ross*, 468 U.S. 1, 13, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984) (citations omitted). It is obvious here that we are not dealing with a situation where defense counsel "flouted any state procedures" at any time. In fact, they vigorously defended and advocated for their client throughout the proceedings. In *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397, 408 (1986), the United States Supreme Court stated:

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some *objective factor external to the defense* impeded counsel's efforts to comply with the State's procedural rule.

*Id.* (emphasis added).

■ In the pretrial proceedings of Ashker I, Ashker's attorney Tom Alberts urged the Confrontation Clause as the proper grounds for excluding the hearsay statement of Lisa Jensen that Sharon Novaock said her husband had come home with bloody clothes and boots and that she either destroyed them or threw them away. Judge Kern excluded the statement or at least reserved ruling on this ground and prevented the state from offering the statement in its case in chief as substantive evidence (for the truth of the matter asserted).

However, prior to closing its case, the state called Sharon Novaock as an unavailable witness and read her deposition wherein she denied making the statement. The state then called Lisa Jensen and she testified to the statement over Attorney Alberts' objec-

tion of improper impeachment. She was subjected to cross-examination, as was Sharon Novaock during her deposition, but it is difficult for a defendant to confront or bolster a denial. There is no objection in the record at that time by Attorney Alberts that the Confrontation Clause would be an additional reason to exclude the Lisa Jensen statement for all purposes, substantive and impeachment. However, the advocacy and the analysis include substantially similar arguments, elements, and authorities. *See* analysis of improper impeachment issue in *Ashker I*, 412 N.W.2d at 99–103.

It is clear that Attorney Alberts was aware of the constitutional ground (Confrontation Clause) for objecting to the Lisa Jensen statement. In fact, after unsuccessful appeal (Ashker I), he telephoned Ashker's habeas counsel, Attorney Richard Braithwaite[4] to urge the constitutional grounds on the strawman issue.[5] Despite that suggestion, Braithwaite did not assert the Confrontation Clause in the habeas court hearing or the appeal therefrom, Ashker II. 457 N.W.2d at 475. In fact, part of his reason for not doing so was that he did not want to "incur the wrath" of the Justices of the South Dakota Supreme Court.[6]

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

*Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982) *reh. den.*,

4. Braithwaite is experienced, knowledgeable counsel. He had been practicing law in South Dakota since 1951. He is a former circuit court judge and had been asked to sit with the South Dakota Supreme Court approximately 30 times during his tenure as circuit judge from 1973 to 1980, writing approximately 15 majority opinions. From 1980 to 1989, Braithwaite handled over 50 habeas petitions, including Ashker's. In fact, he "probably had more experience in that area than any other attorney in the state at that time."

5. Alberts and Braithwaite had a phone conversation about the strategy for Ashker's state habeas petition. Alberts states that he told Braithwaite

to focus on the Constitutional aspects of the "strawman" issue.

6. Braithwaite testified:

> I concluded that any constitutional challenge to the "strawman" issue, though it had not been directly dealt with in the direct appeal, the outcome of raising such an issue would— or was forecast by the language of the opinion on the direct appeal....
>
> Raising the "strawman" issue would have done, I felt, nothing but incur the wrath of the justices, because they had, I felt, clearly spoken on it in the direct appeal.

456 U.S. 1001, 1141, 102 S.Ct. 2286, 2976, 73 L.Ed.2d 1296, 1361. The United States Supreme Court further noted:

> [The Constitution] does not insure that defense counsel will recognize and raise every conceivable constitutional claim. Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.

*Id.* at 134, 102 S.Ct. at 1575.

We do not determine whether Braithwaite's conclusion that "the outcome of raising" the "Constitutional challenge" to the "strawman issue" was "forecast by the language of the opinion on the direct appeal" was correct. However, not wanting to "incur the wrath" of the Justices does not constitute "reasonable cause." *Id.; see* SDCL 21–27–16.1; *Gregory,* 449 N.W.2d at 830; *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645, 91 L.Ed.2d at 408. Also, this is not "some objective factor external to the defense [which] impeded counsel's efforts to comply with the State's procedural rule." *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645, 91 L.Ed.2d at 408. Nor did Braithwaite raise the issue that Attorney Alberts' failure to assert the Confrontation Clause at trial and on direct appeal in Ashker I was ineffective assistance of counsel. Therefore, in view of counsel's awareness, the argument was omitted, under argued, or waived.

Ashker has failed to show reasonable cause why the grounds for habeas corpus relief were omitted, under argued, or that the failure to do so was ineffective assistance of counsel. These procedural steps or hurdles had to be done in Ashker II and they were not. Therefore, Ashker has not satisfied the cause prong of the cause and prejudice test and we affirm the habeas court in this, Ashker III. *See Gregory,* 449 N.W.2d at 830; *Wainwright,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594; SDCL 21–27–16.1.

MILLER, C.J., and AMUNDSON, KONENKAMP, and GILBERTSON, JJ., concur.