_____

No. 95-3112
_____

Malik Shabazz,                      *
                                    *
          Appellant,                *
                                    *
     v.                             *  Appeal from the United States
                                    *  District Court for the
Larry Norris, Director,             *  Eastern District of Arkansas.
Arkansas Department of              *      [UNPUBLISHED]
Correction,                         *
                                    *
          Appellee.                 *

_____

Submitted:  January 25, 1996

Filed:  January 30, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Malik Shabazz is serving consecutive sentences in the Arkansas
Department of Correction (ADC).  He filed a 28 U.S.C. § 2254
petition, claiming he was receiving multiple punishments for the
same offense in that ADC was incorrectly computing his parole
eligibility and release dates under Arkansas statutes and ADC
regulations, and had not given him sufficient credit for time
served and good time.  Shabazz moved for summary judgment,
asserting that he had filed unsuccessful grievances, he had filed
a petition on this matter in state circuit court but no action had
yet resulted, and he had no effective state remedy.  The district
court[1] denied summary judgment and dismissed Shabazz's petition.

_____

     [1]The Honorable Stephen M. Reasoner, Chief Judge, United States
District Court for the Eastern District of Arkansas, adopting the
report and recommendations of the Honorable Henry L. Jones, Jr.,
United States Magistrate Judge for the Eastern District of

Shabazz appeals.

We conclude dismissal without prejudice was warranted because Shabazz failed to exhaust his available state remedies.  See 28 U.S.C. § 2254(b); Preiser v. Rodriquez, 411 U.S. 475, 489-90 (1973); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). Shabazz's argument that state court precedent made it futile to pursue a state remedy is without merit, as the case he cites does not stand for that proposition.  Arkansas inmates who disagree with the computation of their parole eligibility and release dates can file actions for declaratory judgment and mandamus against ADC to have their records corrected.  See Woods v. Lockhart, 727 S.W.2d 849 (Ark. 1987); St. John v. Lockhart, 691 S.W. 2d 148 (Ark. 1985). Shabazz's claim of inordinate delay in the state proceedings is also without merit, as he filed his section 2254 petition about three months after filing his state court petition.  Shabazz does not indicate the current status of those proceedings.  Cf. Wade v. Lockhart, 674 F.2d 721, 722 (8th Cir. 1982) (vacating dismissal based on failure to exhaust where postconviction petition had been pending in state court over two years); Seemiller v. Circuit Court Clerk of St. Charles County, 640 F.2d 175, 176 n.2 (8th Cir. 1981) (per curiam) (finding ten- to twelve-month delay in ruling on claim not unreasonable, but implying further delay may amount to denial of rights).  Accordingly, we modify the dismissal to be without prejudice, and affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

Arkansas.