76 F.3d 382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Malik SHABAZZ, Appellant,
v.
Larry NORRIS, Director, Arkansas Department of Correction, Appellee.
 No. 95-3112.
 United States Court of Appeals, Eighth Circuit.
 Submitted: January 25, 1996.
Filed: January 30, 1996.
 
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Malik Shabazz is serving consecutive sentences in the Arkansas Department of Correction (ADC). He filed a 28 U.S.C. § 2254 petition, claiming he was receiving multiple punishments for the same offense in that ADC was incorrectly computing his parole eligibility and release dates under Arkansas statutes and ADC regulations, and had not given him sufficient credit for time served and good time. Shabazz moved for summary judgment, asserting that he had filed unsuccessful grievances, he had filed a petition on this matter in state circuit court but no action had yet resulted, and he had no effective state remedy. The district court[1] denied summary judgment and dismissed Shabazz's petition. Shabazz appeals.
 
 
 2
 We conclude dismissal without prejudice was warranted because Shabazz failed to exhaust his available state remedies. See 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir.1993). Shabazz's argument that state court precedent made it futile to pursue a state remedy is without merit, as the case he cites does not stand for that proposition. Arkansas inmates who disagree with the computation of their parole eligibility and release dates can file actions for declaratory judgment and mandamus against ADC to have their records corrected. See Woods v. Lockhart, 727 S.W.2d 849 (Ark.1987); St. John v. Lockhart, 691 S.W.2d 148 (Ark.1985). Shabazz's claim of inordinate delay in the state proceedings is also without merit, as he filed his section 2254 petition about three months after filing his state court petition. Shabazz does not indicate the current status of those proceedings. Cf. Wade v. Lockhart, 674 F.2d 721, 722 (8th Cir.1982) (vacating dismissal based on failure to exhaust where postconviction petition had been pending in state court over two years); Seemiller v. Circuit Court Clerk of St. Charles County, 640 F.2d 175, 176 n. 2 (8th Cir.1981) (per curiam) (finding ten- to twelve-month delay in ruling on claim not unreasonable, but implying further delay may amount to denial of rights). Accordingly, we modify the dismissal to be without prejudice, and affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas