**LaVon H. FREDERICKSON, Plaintiff–Appellant,**

v.

**Frank W. WOOD, Commissioner of Corrections, Defendant–Appellee.**

No. 95–2911.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1996.

Decided June 24, 1996.

Heidi Handorf Crissey, Stillwater, MN, argued, for appellant.

Robert Alexander Stanich, St. Paul, MN, argued (Wyman A. Nelson, Buffalo, MN, Hubert H. Humphrey, III as Minnesota Atty. Gen., on the brief), for appellee.

Before McMILLIAN, LAY, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

LaVon H. Frederickson appeals from the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. We affirm on the basis of procedural bar.

A jury found Frederickson guilty under Minnesota law of both third-degree "depraved mind" murder, Minn.Stat. § 609.195(a) (1994), and first degree "heat of passion" manslaughter, *id.* § 609.20(1), for the killing of Charles H. Duncan. Frederickson appealed, challenging the computation of his sentence. The Minnesota Court of Appeals affirmed. *State v. Frederickson,* No. C0–90–1022, 1990 WL 132665 (Minn.Ct.App. Sept.18, 1990). Frederickson filed a petition

for post-conviction relief, arguing as a matter of statutory interpretation that the guilty verdicts were legally inconsistent. The Minnesota Court of Appeals rejected this argument and denied his petition. Frederickson then filed a petition in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, framing his argument for the first time in terms of due process. The district court[1] concluded on the merits that no due process violation occurred in convicting Frederickson under .both Minn.Stat. § 609.195(a) and § 609.20(1). Frederickson appeals.

"As a prerequisite to federal habeas review, a petitioner must exhaust state remedies and present the *same legal theories and factual bases* to the state courts." *Luton v. Grandison,* 44 F.3d 626, 628 (8th Cir. 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1262, 131 L.Ed.2d 141 (1995). It is not enough to submit in state court all the facts necessary to support the federal claim or to assert a similar state-law claim. *Ashker v. Leapley,* 5 F.3d 1178, 1179 (8th Cir.1993). Rather, "[t]he petitioner must refer [in state court] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Id.* (internal quotations and citations omitted). In this case, Frederickson failed specifically to present his due process argument to the state courts. Moreover, he has not established any cause and prejudice to overcome the procedural defect of his habeas petition. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). His petition is therefore procedurally barred.

Accordingly, we affirm the judgment of the district court.

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.