_____

No. 95-2911
_____

LaVon H. Frederickson,          *
                                *
        Plaintiff-Appellant,    *   Appeal from the United States
                                *   District Court for the
    v.                          *   District of Minnesota.
                                *
Frank W. Wood, Commissioner of  *
Corrections,                    *
                                *
        Defendant-Appellee.     *


_____

Submitted: February 12, 1996

Filed:  June 24, 1996
_____

Before McMILLIAN, LAY, and HANSEN, Circuit Judges.
_____


HANSEN, Circuit Judge.

     LaVon H. Frederickson appeals from the district court's denial of his
habeas petition filed pursuant to 28 U.S.C. § 2254.  We affirm on the basis
of procedural bar.

     A jury found Frederickson guilty under Minnesota law of both third-
degree "depraved mind" murder, Minn. Stat. § 609.195(a) (1994), and first
degree "heat of passion" manslaughter, id. § 609.20(1), for the killing of
Charles H. Duncan.  Frederickson appealed, challenging the computation of
his sentence.  The Minnesota Court of Appeals affirmed.  State v.
Frederickson, No. C0-90-1022 (Minn. Ct. App. Sept. 18, 1990).  Frederickson
filed a petition for post-conviction relief, arguing as a matter of
statutory interpretation that the guilty verdicts were legally

inconsistent. The Minnesota Court of Appeals rejected this argument and denied his petition. Frederickson then filed a petition in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, framing his argument for the first time in terms of due process. The district court[1] concluded on the merits that no due process violation occurred in convicting Frederickson under both Minn. Stat. § 609.195(a) and § 609.20(1). Frederickson appeals.

"As a prerequisite to federal habeas review, a petitioner must exhaust state remedies and present the <u>same legal theories and factual bases</u> to the state courts." <u>Luton v. Grandison</u>, 44 F.3d 626, 628 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 262 (1995). It is not enough to submit in state court all the facts necessary to support the federal claim or to assert a similar state-law claim. <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1179 (8th Cir. 1993). Rather, "[t]he petitioner must refer [in state court] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." <u>Id.</u> (internal quotations and citations omitted). In this case, Frederickson failed specifically to present his due process argument to the state courts. Moreover, he has not established any cause and prejudice to overcome the procedural defect of his habeas petition. <u>See</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977). His petition is therefore procedurally barred.

Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.