**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3221SI

_____

Darryl Davis,                           *
                                        *
            Appellant,                  *    Appeal from the United States
                                        *    District Court for the
      v.                                *    Southern District of Iowa.
                                        *
John Thalacker,                         *         [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted:  April 18, 1997

Filed: May 6, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, and FAGG and MURPHY, Circuit
      Judges.

_____

PER CURIAM.


      Darryl Davis was charged in Iowa state court with driving
while intoxicated and driving with a suspended or revoked license.
According to the arresting officer, Davis was driving and traded
places with his passenger, Heather Franzen, as the officer
approached to stop Davis's car.  Davis claimed Franzen was the
driver and subpoenaed her to testify as a material witness at his
trial.  Franzen had been charged with interference with official
acts for switching places with Davis, however, and with second-
degree burglary for unrelated acts.  Franzen's prosecutor filed a
motion to quash Davis's subpoena on the ground that Franzen would
assert her Fifth Amendment privilege against self-incrimination if
called to testify.  Following a hearing, the court sustained the

motion to quash. The next day, a different prosecutor tried Davis, who proceeded pro se with standby counsel, and a jury convicted him. A few days later, Franzen pleaded guilty to third-degree theft, and the State dismissed the interference charge.

Davis did not directly appeal his conviction, but later filed a state postconviction action contending his right to compulsory process was violated when the trial court quashed Franzen's subpoena. The state postconviction court excused Davis's failure to file a direct appeal, finding Davis mistakenly believed he was required to file appellate bonds, which he could not afford, and Davis did not know about the plea bargain and its consummation. The court did not find Franzen's testimony would be favorable, but concluded it would be "highly relevant" and "especially significant" because she was the only eyewitness besides the arresting officer. The court concluded the "possibility of creating a conflict in [the] evidence . . . might create a reasonable doubt for the jury." Holding the prosecutors' failure to inform Davis about Franzen's pending plea agreement violated Davis's right to compulsory process, the court granted a new trial. The Iowa Court of Appeals reversed, finding Davis had procedurally defaulted his compulsory process claim by failing to appeal, and the lower court's reasons for excusing the failure were legally insufficient.

Davis then filed this federal habeas action renewing his compulsory process claim. The district court held Davis waived the claim by failing to appeal in state court, and Davis failed to show cause and prejudice to overcome the procedural default. The district court saw no cause in Davis's mistaken belief about the bond requirement and the prosecutors' failure to advise Davis of Franzen's plea negotiations. The district also court concluded

-2-

Davis had not shown prejudice because Davis did not show Franzen would have testified favorably. Davis appeals.

Federal courts can consider the merits of procedurally defaulted claims if a petitioner shows cause for the default and actual prejudice. See Luton v. Grandison, 44 F.3d 626, 628 (8th Cir. 1994). To establish cause, a petitioner must show some objective factor external to the defense impeded the petitioner's efforts to comply with state procedural requirements. See id. To establish prejudice, a petitioner must show the alleged errors worked to the petitioner's actual and substantial disadvantage, infecting the entire trial with constitutional error. See id.

Even if Davis has shown cause, Davis loses because he has not shown prejudice. Davis has presented no evidence reflecting the content of Franzen's testimony. Absent evidence that Franzen's testimony would have been favorable, Davis has not shown the failure to compel Franzen's testimony actually disadvantaged him and infected his entire trial with error of a constitutional magnitude. The mere possibility that Franzen's testimony might create a conflict in the evidence is not enough to establish prejudice for the purpose of federal habeas review. See id.

Without showing Franzen's testimony would be favorable, Davis cannot prevail on the merits of his claim anyway, whether he characterizes it as a compulsory process claim or as a due process claim. See Pennsylvania v. Ritchie, 480 U.S. 39, 56-57 (1987) (due process right violated when government prevents criminal defendant from discovering favorable evidence); United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (right to compuslory process violated only when criminal defendant makes plausible showing that desired witness's testimony would have been favorable to defense);

United States v. Mejia-Uribe, 75 F.3d 395, 399 (8th Cir.) (same), cert. denied, 117 S. Ct. 151 (1996).

Having considered and rejected all of Davis's arguments, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.