112 F.3d 513
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Darryl DAVIS, Appellant,
v.
John THALACKER, Appellee.
 No. 96-3221SI
 United States Court of Appeals, Eighth Circuit.
 Submitted April 18, 1997.
Filed May 6, 1997.
 
 Before RICHARD S. ARNOLD, Chief Judge, and FAGG and MURPHY, Circuit
 PER CURIAM.
 
 
 1
 Darryl Davis was charged in Iowa state court with driving while intoxicated and driving with a suspended or revoked license. According to the arresting officer, Davis was driving and traded places with his passenger, Heather Franzen, as the officer approached to stop Davis's car. Davis claimed Franzen was the driver and subpoenaed her to testify as a material witness at his trial. Franzen had been charged with interference with official acts for switching places with Davis, however, and with second-degree burglary for unrelated acts. Franzen's prosecutor filed a motion to quash Davis's subpoena on the ground that Franzen would assert her Fifth Amendment privilege against self-incrimination if called to testify. Following a hearing, the court sustained the motion to quash. The next day, a different prosecutor tried Davis, who proceeded pro se with standby counsel, and a jury convicted him. A few days later, Franzen pleaded guilty to third-degree theft, and the State dismissed the interference charge.
 
 
 2
 Davis did not directly appeal his conviction, but later filed a state postconviction action contending his right to compulsory process was violated when the trial court quashed Franzen's subpoena. The state postconviction court excused Davis's failure to file a direct appeal, finding Davis mistakenly believed he was required to file appellate bonds, which he could not afford, and Davis did not know about the plea bargain and its consummation. The court did not find Franzen's testimony would be favorable, but concluded it would be "highly relevant" and "especially significant" because she was the only eyewitness besides the arresting officer. The court concluded the "possibility of creating a conflict in [the] evidence ... might create a reasonable doubt for the jury." Holding the prosecutors' failure to inform Davis about Franzen's pending plea agreement violated Davis's right to compulsory process, the court granted a new trial. The Iowa Court of Appeals reversed, finding Davis had procedurally defaulted his compulsory process claim by failing to appeal, and the lower court's reasons for excusing the failure were legally insufficient.
 
 
 3
 Davis then filed this federal habeas action renewing his compulsory process claim. The district court held Davis waived the claim by failing to appeal in state court, and Davis failed to show cause and prejudice to overcome the procedural default. The district court saw no cause in Davis's mistaken belief about the bond requirement and the prosecutors' failure to advise Davis of Franzen's plea negotiations. The district also court concluded Davis had not shown prejudice because Davis did not show Franzen would have testified favorably. Davis appeals.
 
 
 4
 Federal courts can consider the merits of procedurally defaulted claims if a petitioner shows cause for the default and actual prejudice. See Luton v. Grandison, 44 F.3d 626, 628 (8th Cir.1994). To establish cause, a petitioner must show some objective factor external to the defense impeded the petitioner's efforts to comply with state procedural requirements. See id. To establish prejudice, a petitioner must show the alleged errors worked to the petitioner's actual and substantial disadvantage, infecting the entire trial with constitutional error. See id.
 
 
 5
 Even if Davis has shown cause, Davis loses because he has not shown prejudice. Davis has presented no evidence reflecting the content of Franzen's testimony. Absent evidence that Franzen's testimony would have been favorable, Davis has not shown the failure to compel Franzen's testimony actually disadvantaged him and infected his entire trial with error of a constitutional magnitude. The mere possibility that Franzen's testimony might create a conflict in the evidence is not enough to establish prejudice for the purpose of federal habeas review. See id.
 
 
 6
 Without showing Franzen's testimony would be favorable, Davis cannot prevail on the merits of his claim anyway, whether he characterizes it as a compulsory process claim or as a due process claim. See Pennsylvania v. Ritchie, 480 U.S. 39, 56-57 (1987) (due process right violated when government prevents criminal defendant from discovering favorable evidence); United States v. ValenzuelaBernal, 458 U.S. 858, 867 (1982) (right to compulsory process violated only when criminal defendant makes plausible showing that desired witness's testimony would have been favorable to defense); United States v. Mejia-Uribe, 75 F.3d 395, 399 (8th Cir.) (same), cert. denied, 117 S.Ct. 151 (1996).
 
 
 7
 Having considered and rejected all of Davis's arguments, we affirm the district court.